**F.A. RICHARD AND ASSOCIATES,**
Relator,

v.

**The Honorable Richard W. MILLARD, Judge of the 189th District Court of Harris County, Texas, Respondent.**

No. 01–93–00185–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 11, 1993.

Charles Seymore, Houston, for relator.

Paul S. Francis, Tom Moore, Houston, for respondent.

Before OLIVER–PARROTT, C.J., and COHEN and MIRABAL, JJ.

## OPINION

COHEN, Justice.

We must decide whether a plaintiff can sue the defendant for bad driving and sue the defendant's insurance adjuster simultaneously for bad faith.[1] Relator, F.A. Richard and Associates (Richard), requests a writ of mandamus to compel respondent, the Honorable Richard W. Millard, to vacate his order denying Richard's "Motion for Protection/Severance and Plea in Abatement."

Jo Ann Holton sued James Gallery, Highlands Insurance Company, and Richard. Holton asserts Gallery drove his vehicle into hers. Highlands is Gallery's insurer,

and Richard is an independent adjuster hired by Highlands. Holton sued Richard claiming violations of the Deceptive Trade Practices Act (DTPA), TEX.BUS. & COM.CODE ANN. § 17.41 (Vernon 1987); violations of the TEX.INS.CODE ANN. art. 21.21 (Vernon 1981); and violations of the rules and regulations issued by the State Board of Insurance under article 21.21, commonly referred to as "bad faith" allegations.

## Procedural Background

On November 25, 1992, Holton sent Richard interrogatories and requests for documents. Richard objected, claiming privilege under TEX.R.CIV.P. 166b(3)(a) (attorney work product), (b) (mental impressions and opinions of informally consulted experts), (c) (written statements made in anticipation of litigation), and (d) (party communications). Richard also promptly moved for a severance and an abatement, which Judge Millard denied.

## Standard of Review

■ Mandamus will issue to correct a clear abuse of discretion when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Walker*, 827 S.W.2d at 840. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

While TEX.R.CIV.P. 41 and 174(b) give trial judges broad discretion to sever and order separate trials, the rules are not unlimited. *United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668 (Tex.App.—Houston [1st Dist.], 1993, orig. proceeding). Sound legal discretion is required. *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956).

---

**1.** An unfair claim settlement cause of action by a non-insured plaintiff against an insurance company has only been recognized in Texas since *Watson v. Allstate Ins. Co.,* 828 S.W.2d 423 (Tex.App.—Fort Worth 1991, writ granted), which specifically reserved judgment on whether the claim must be abated until judgment against the insured has been obtained. *Id.* at 429.

When all the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion. The rule then is peremptory in operation and imposes upon the court a duty to order a separate trial. While the refusal to order a separate trial under such circumstances is usually termed a clear abuse of discretion, it is nevertheless a violation of a plain legal duty. *Id.* To find an abuse of discretion, we must conclude that the facts and circumstances of this case extinguish any discretion in the matter. *Johnson,* 700 S.W.2d at 918; *Womack,* 291 S.W.2d at 683.

■ We hold that these facts extinguish the trial judge's discretion in denying a severance and abatement because to require a simultaneous trial of Holton's claims against Gallery, Highlands, and Richard would unduly prejudice all parties' rights to develop their claims and defenses, and force Richard to defend against Holton's suit prematurely. Such a simultaneous trial would require detailed and extensive evidence of insurance, prejudicing Gallery's defense and violating his substantial right to have his liability decided without any mention of insurance. *Rojas v. Vuocolo,* 142 Tex. 152, 177 S.W.2d 962, 962–64 (1944); *Trinity Universal Ins. Co. v. Lewis,* 725 S.W.2d 332, 334–35 (Tex. App.—Texarkana 1987, writ ref'd n.r.e.); Tex.R.Civ.Evid. 411; Tex.R.Civ.P. 226a(II)(9). In a simultaneous trial, Gallery would also be prejudiced by mention of settlement offers. See Tex.R.Civ.Evid. 408 (evidence of settlement offers is not admissible). Because Richard's and Highlands' liability to Holton is conditioned on Gallery's liability to Holton, the foregoing prejudice to Gallery would also harm them. Conversely, to exclude evidence of insurance and settlement negotiations would

prejudice Holton's substantial right to develop her bad faith case against Richard and Highlands. *United States Fire Ins. Co.,* at 673; *State Farm Mutual Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260, 262 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding).[2] Finally, Richard will be forced to defend prematurely because, if in Holton's negligence lawsuit, Gallery is found liable for damages in an amount equal to or less than Richard's highest offer, Holton's bad faith claims against Richard will be rendered moot. *United States Fire Ins. Co.,* at 673.

■ As in *United States Fire Insurance Co.,* we hold that abatement of the bad faith claims must accompany severance to avoid the parties unnecessarily expending effort and funds conducting discovery and preparing for trial of claims that may be disposed of in the negligence case. *Id.* at 673; *see also Maryland American Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455, 458 (Tex.1982) ("If a plaintiff attempting to prove the validity of a claim against an insurer could obtain the insurer's investigative files merely by alleging the insurer acted in bad faith, all insurance claims would contain such allegations."). We conclude that refusal to abate the bad faith/Insurance Code/DTPA action was an abuse of discretion and a violation of a plain legal duty.

■ We next consider whether there is a clear and adequate remedy by appeal. Mandamus is justified only when parties stand to lose substantial rights. *Walker,* 827 S.W.2d at 842 (quoting *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648, 652 (1958)); *United States Fire Ins. Co.,* at 675. We hold that Richard has substantial rights not to have its defenses prejudiced by the evidence about insurance and settlement. *Id.* We further hold that severance and abatement offer the only protection of these interests and that Richard is therefore entitled to relief by writ of mandamus compelling the respondent (1) to vacate his order

**2.** We realize that both *United States Fire Insurance Company* and *Wilborn* were first party actions by insureds against their uninsured motorist insurance carriers, while Holton is a

stranger to the insurance company and adjuster she is suing. We nevertheless believe that, for purposes of discovery, those cases and this case are analogous.

of February 10, 1993, (2) to grant Richard's motion to sever and abate, and (3) to abate all proceedings against Richard on the bad faith, Insurance Code and DTPA claims pending full and final resolution of Holton's negligence claim against Gallery. *Id.* Writ of mandamus will issue only if Judge Millard fails to do so.

We take no position concerning the merits of the privileges and exemptions from discovery claimed by Richard. Judge Millard may reevaluate them in light of our opinion.