L. Mike McLAIN, Diane McLain, Damon D. Gregg, II. and Chelsea B. Gregg, Relators,

v.

The Honorable William D. SMITH, Respondent.

No. 07–95–0119–CV.

Court of Appeals of Texas, Amarillo.

May 22, 1995.

---

Sprouse, Mozola, Smith & Rowley, P.C., Jerry N. Smith, Eric A. Hillerman, Amarillo, for relators.

Law Offices of Richard N. Countiss, Richard N. Countiss, Houston, Law Offices of Gene E. Steed, Gene E. Steed, Perryton, for real party in interest.

Before DODSON, BOYD and QUINN, JJ.

## ORIGINAL PROCEEDING

QUINN, Justice.

Pending before the court is the motion of L. Mike McLain, Diane McLain, Damon D. Gregg, and Chelsea B. Gregg (collectively referred to as the "McLains") for leave to petition for writ of mandamus. They seek a mandamus directing the Hon. William D. Smith, District Judge, 84th Judicial District, to vacate his March 23, 1995, Order to Sever and Transfer. For the reasons which follow, we overrule the motion and deny leave.

The order in question severed a temporary injunction into a separate action assigned cause number 3921–A. Severance occurred due to the court's desire to preserve the "'status quo' of the land in question ... pending a final resolution by a final non-appealable judgment in Case No. 3921." The judgment referred to arose from a suit initiated by George K. Lamb against the McLains for conversion, breach of contract, specific performance, and declaratory judgment, to name a few causes alleged. Furthermore, after trial by jury, the court entered judgment awarding Lamb, among other things, damages against the McLains as well as the possession of and title to realty in which both the McLains and Greggs claimed an interest.

Furthermore, before the aforesaid judgment was entered, Mike McLain acquired from Metropolitan Life Insurance Co. a promissory note and deed of trust encumbering the realty made subject of the judgment. Because the obligor of the note, Lamb, apparently defaulted in paying the debt, McLain decided to pursue his rights under the deed of trust and initiated non-judicial foreclosure proceedings.

Lamb realized that foreclosure could deprive him of the land awarded in the judgment. So, he moved, in Cause No. 3921, for a temporary injunction. The trial court acquiesced and entered its order prohibiting McLain from pursuing foreclosure until the aforesaid judgment became final and non-appealable or until "April 20, 1997, whichever is earlier." In so ordering, it afforded Lamb the opportunity to finalize the damage award and use same as an offset against the note arrearage. The court also decided, upon motion of Lamb, to sever the injunction into a separate cause numbered 3921–A.

Relators now complain of the severance, viewing it as an abuse of discretion and worthy of mandamus. Though one may, at

times, invoke such relief to correct discretionary actions involving severance, *e.g. F.A. Richard & Assoc. v. Millard*, 856 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1993, no writ), he must first fulfill certain requirements. They include proof of a clear abuse of discretion and an inadequate legal remedy. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994). It is the second element that thwarts the McLains efforts at bar.

■ It is beyond dispute that if appeal is available to protect the grievant from the permanent loss of substantial rights, then he has an adequate legal remedy. *Id.* at 305–306; *Walker v. Packer*, 827 S.W.2d 833, 840–41 (Tex.1992); *accord National Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 771 (Tex. 1995) (discussing the components of mandamus); *see F.A. Richard & Assoc. v. Millard*, 856 S.W.2d at 767 (stating that mandamus is justified only when parties stand to loose substantial rights). Under that circumstance, mandamus would be improper. *Id.* Moreover, in determining if that circumstance exists here, the court fleshes through the surface of the motion for leave to file and the petition for writ to discover the underlying meat.

Though replete with comments regarding the propriety of the severance, neither the motion nor the petition at bar show how that procedural decision, in and of itself, inflicts upon them irreparable harm if mandamus were denied. Indeed, the injury about which the McLains actually grieve emanates from the prohibition against foreclosing upon the deed of trust. One need only read the pleadings to realize this. As stated in their motion for leave,

> [n]oteholders nationwide rely on their bargained for contract right to either be timely paid or to foreclose on security pledged by the obligor at a time within the discretion of the noteholder, not the obligor; and

> [t]he rights under the Met Life Note and Deed of Trust are contract rights vested in the owner and holder of the ... Note ... Lamb does not dispute this fact, but argues that if [he] wins this case on appeal, he can *then* offset the amounts owed against his judgment. Such tactics, if allowed, could effectively eviscerate contract rights to nonjudicial foreclosure.... (emphasis in original)

The petition follows suit with the statement that

> [t]he essence of the right to foreclose is the right to control and predict when the noteholder will be paid. Forcing the lender to wait until a contingent claim is resolved effectively divests the noteholder of its rights. Clearly such precedence cannot be established.

Furthermore, it is not the severance order that prevents non-judicial foreclosure. Nothing in that document itself bars them from proceeding. Rather, it is the temporary injunction referenced therein *and issued under separate order* that obstructs them. Were the injunction not in place, the matter of severance would be of little import since the McLains could proceed. Conversely, if severance had never occurred or were vacated, they would, nevertheless, remain vexed by the injunction.

Thus, no one can reasonably suggest, given the status of the pleadings before the court, that the severance irreparably deprives them of any substantial right. Because the temporary injunction is the source of their purported injury and because that matter can be addressed through accelerated interlocutory appeal, *Tex.Civ.Pract. & Rem.Code Ann.* 51.014(4) (Vernon's Supp.1995); *Tex.R.App. Proc.* 42(a), the McLains have not met their burden under *Canadian Helicopters.* They have not shown that they lack an adequate legal remedy.[1]

---

1. The court declines the McLains' invitation to issue mandamus regardless of any future action upon the temporary injunction. That the severance may be improper alone does not warrant such relief. Indeed, to grant a writ simply because the court erred in the abstract and without exposing one to irreparable injury would be to convert the "extraordinary remedy," *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994), into an ordinary interlocutory appeal.

Accordingly, the motion for leave to file a petition for writ of mandamus is denied.[2]

2. The court records indicate that the McLains have perfected an appeal from the order granting temporary injunction. Said appeal has been assigned number 07–95–0133–CV.