**Barbara Canales BLACK and Nationwide Mutual Insurance Company, Relators,**

v.

**The Honorable Jackson B. SMITH, Jr., Visiting Judge, 189th District Court, Harris County, Texas, Respondent.**

**No. 14–97–00061–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 27, 1997.

---

James Boanerges, Jeffrey H. Marsh, Houston, for Relators.

David W. Showalter, Bellaire, for Respondent.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

In this original proceeding, relators and defendants below, Barbara Canales Black and Nationwide Mutual Insurance Company, seek a writ of mandamus ordering respondent to vacate an order denying relators' motion to sever. We conditionally grant the writ.

Real parties in interest filed the underlying suit against Black seeking damages for personal injuries. The petition was later amended to assert a breach of contract claim against Black regarding an alleged settlement agreement. In this same amended pe-

tition, real parties alleged claims against Black's liability insurer, Nationwide, for invasion of privacy and intentional infliction of emotional distress. Real parties claimed that Nationwide acquired possession of medical and employment records during the pendency of the lawsuit and improperly disclosed these records in violation of Chapter 611 of the Texas Health and Safety Code.

Nationwide filed an answer on January 9, 1997 and learned the case was set for trial the week of January 28, 1997. Relators filed a joint motion (without any indication of real parties' position) to sever the action against Nationwide from the action against Black. Respondent, a visiting judge, held a hearing on January 17, 1997, and denied the motion on the same date. Relators then filed this proceeding. Before we ruled on the motion for leave, real parties filed a response on January 21, 1997, contending the matter was set for rehearing on January 23, 1997 before Judge Carolyn Marks Johnson, the presiding judge of the 189th District Court. Real parties asked that we reserve ruling on the motion for leave until Judge Johnson had an opportunity to review respondent's ruling.

Also on January 21, 1997, relators filed a reply to the response, asserting the proceeding was *not* set for rehearing and that no rehearing had been requested. Given these conflicting reports, by Order filed January 22, 1997, we granted relators' motion for leave and stayed proceedings in the trial court. That same day, we received a letter from real parties in interest claiming they did not oppose relators' motion for severance, they expected the matter to be resolved at the hearing scheduled for January 23, 1997, and they would file an appropriate motion with our court. Based on the representations in this letter, we subsequently contacted counsel for real parties in interest and asked if they intended to file a motion to dismiss on the ground the proceeding was moot. Counsel for real parties stated that, because our court had issued a stay of proceedings, the trial court did not hold the hearing on January 23, 1997 and real parties did not consider the proceeding moot.

Before addressing the merits of this proceeding, we must express our dissatisfaction with the actions of counsel for both parties in this case. In his January 22, 1997 letter to this court, and again during oral argument, counsel for the real parties in interest stated that his clients did not oppose relators' motion for severance. It is unclear on the record whether counsel for one or both of the parties advised Judge Johnson of their agreement on the severance issue. The better course of action would have been to file an unopposed joint motion for reconsideration of the motion for severance with the trial court and simultaneously to ask this Court to lift the stay to allow the trial court to rule on the unopposed motion. When there is no dispute as to the proper disposition of a motion in the trial court, counsel unnecessarily burdens appellate judicial resources by pursuing this extraordinary remedy without affording the trial court an opportunity to review the earlier ruling. Because this case is before us in the unusual posture where all parties are in agreement as to the need for a severance, but there has been no effort to obtain an order from, and thus no action by Judge Johnson rescinding the original order denying the severance, we must address the merits of relators' petition for writ of mandamus.

■■■ Relators claim respondent abused his discretion in denying a motion to sever two causes of action. Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). Mandamus is intended to be an extraordinary remedy, only available in limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989). In keeping with this intent, mandamus relief is not available unless a party has no adequate remedy by appeal. *Walker,* 827 S.W.2d at 840. An appellate remedy is not inadequate merely because the party

may incur more expense and delay. *Id.* at 842.

 Rule 41 grants a trial court broad discretion in the severance of causes of action. Tex.R.Civ.P. 41; *Guaranty Federal Savings Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990). Thus, a trial court's decision regarding severance will not be disturbed absent an abuse of discretion. *Id.* A claim is properly severable if: "(1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *Id.* The controlling reasons for severance are to do justice, avoid prejudice, and further convenience. *Id.*

Although trial courts are given broad discretion in granting a severance, that discretion is not unlimited. *United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 671 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). The rule imposes a duty upon the trial court to order a separate trial where the facts and circumstances unquestionably require a separate trial to prevent "manifest injustice," where no facts or circumstances support a contrary conclusion, and where there will be no prejudice suffered. *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (1956); *F.A. Richard & Assocs. v. Millard,* 856 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). Under these circumstances, the refusal to order a separate trial is a violation of a plain legal duty, even though it is often termed a clear abuse of discretion. *Womack,* 291 S.W.2d at 683.

Real parties in interest do not dispute that relators have met the three requirements for severance of a claim. The pending suit involves more than one cause of action and the claims against Nationwide could be the subject of an independent suit. We further find that the claims against Nationwide involve different facts and circumstances from the personal injury and breach of contract claims against Black. In their amended petition, real parties allege that, during the investigation of the claim and during discovery, Nationwide came into possession of the medical, mental health, military, and employment records of real party and plaintiff below, Bob Jeffers. Real parties alleged that Nationwide wrongfully disclosed these records to third parties in violation of Tex.Health & Safety Code Ann. § 611.002 (Vernon 1992) and that these disclosures were an invasion of privacy and intentional infliction of emotional distress. The facts supporting these allegations are distinct from those relating to the personal injury action.

In addition to meeting the requirements for a severance, relators contend, and we agree, that lack of a severance in this case will cause manifest injustice to Black. Trying the claims against Nationwide during the personal injury suit would involve evidence of insurance, prejudicing Black's defense and violating her right to have liability decided without any mention of insurance. *F.A. Richard,* 856 S.W.2d at 767. When a party stands to lose a substantial right, the remedy by appeal is rendered inadequate. *See id.* Accordingly, we hold that respondent abused his discretion in denying relators' motion for severance and that relators are entitled to mandamus relief.

We conditionally grant relators' writ of mandamus with directions to respondent to rescind the January 17, 1997 order and to enter an order granting relators' motion for severance. The writ will issue only if respondent refuses to do so.

O'NEILL, J., concurring in the result only.