In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-01235-CV
____________

IN RE ALLSTATE INSURANCE COMPANY AND HEIDI INGLET, Relators




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINIONRelators, Allstate Insurance Company and Heidi Inglet, filed a petition for writ
of mandamus complaining about the trial court’s


 October 16, 2002 order denying
Allstate’s motion for separate trial and plea in abatement. We conditionally grant the
writ.
          After a hit-and-run accident in October 2001, the plaintiff/real party in interest,
Jun Ho Baek, sued his uninsured/underinsured insurance carrier, Allstate Insurance
Company, alleging (1) breach of contract, (2) breach of the duty of good faith and fair
dealing, and (3) violations of article 21.21 of the Texas Insurance Code. Allstate
moved to sever and abate the extra-contractual claims from the breach of contract
claim. The trial court denied the motion, and this petition for writ of mandamus
followed.
          This court, and many others, have held that when an insurer has made an offer
to settle the contract claim, a severance of the tort and contract claims is required to
avoid undue prejudice to the insurer in its defense of the coverage dispute. See
Mid-Century Ins. Co. v. Lerner, 901 S.W.2d 749, 752-53 (Tex. App.—Houston [14th
Dist.] 1995, orig. proceeding); Northwestern Nat’l Lloyds Ins. Co. v. Caldwell, 862
S.W.2d 44, 46-47 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); F.A.
Richard & Assocs. v. Millard, 856 S.W.2d 765, 767 (Tex. App.—Houston [1st Dist.]
1993, orig. proceeding); United States Fire Ins. Co. v. Millard, 847 S.W.2d 668, 673
(Tex. App.—Houston [1st Dist.] 1993, orig. proceeding); State Farm Mut. Auto. Ins.
Co. v. Wilborn, 835 S.W.2d 260, 262 (Tex. App.—Houston [14th Dist.] 1992, orig.
proceeding). The rationale of these cases is that, ordinarily, offers of settlement of
a coverage dispute are inadmissible on the contract claim, but may nevertheless be
admissible on the tort claim to rebut evidence of bad faith. Liberty Nat. Fire Ins. Co.
v. Akin, 927 S.W.2d 627, 629 (Tex. 1996).
          In this case, Allstate offered to settle the breach of contract case for $1200. 
Therefore, under the reasoning of the cases cited above, the trial court should have
severed and abated the bad faith claims, pending trial of the breach of contract claim,
so that evidence of the $1200 settlement offer would not be admitted in the breach of
contract case. See also Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 4 (Tex. 1986)
(holding that settlement offers are inadmissible to prove or disprove liability on a
claim).
          The present case is distinguishable from Akin, in which the supreme court held
that severance and abatement was not required in a case in which “settlement
negotiations” involved only the payment by the insurer of the undisputed portion of
the claim. 927 S.W.2d at 630. In fact, the Akin court noted that an offer to settle the
entire contract claim would have required a severance. Id. The record in this case
shows that Allstate attempted to settle the entire breach of contract claim, not merely
an undisputed portion of it. Therefore, we hold that the trial court erred by denying
Allstate’s motion to sever and abate the extra-contractual claims from the breach of
contract claim.



          Accordingly, we direct the trial court to (1) vacate her order of October 16,
2002, denying Allstate’s motion to sever and abate the bad faith claims from the
contract claim; (2) grant Allstate’s October 3, 2002 motion for separate trial and plea
in abatement; (3) sever the bad faith and article 21.21 claims from the contract claim;
and (4) abate all proceedings on the bad faith claim and article 21.21 claims until the
breach of contract claim is resolved. The writ of mandamus is conditionally granted
and will issue only if the trial court fails to comply with the orders of this Court.
 
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.