Petition for Writ of Mandamus Conditionally Granted; Opinion of January
17, 2008 Withdrawn; and Substitute Opinion filed May 15, 2008








 

Petition
for Writ of Mandamus Conditionally Granted; Opinion of January 17, 2008
Withdrawn; and Substitute Opinion filed May 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00771-CV

____________

 

IN RE GENERAL AGENTS INSURANCE COMPANY OF AMERICA,
INC., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

SUBSTITUTE
O P I N I O N

We
withdraw our opinion dated January 17, 2008, and issue the following substitute
opinion.








In this
original proceeding, relator, General Agents Insurance Company
of America, Inc. (AGainsco@), seeks a writ of mandamus ordering respondent, the
Honorable Elizabeth Ray, to: (1) vacate her order denying Gainsco=s motion to sever the interlocutory
summary judgment regarding the validity of the policy buy-back agreement; (2)
compel respondent to sever the interlocutory summary judgment to render it
final and appealable; and (3) abate the proceedings.  We conditionally grant
the writ.

                                                                   Background

Real
parties in interest, El Naggar Fine Art Furniture, Inc. and Ahmed El Naggar
(collectively AEl Naggar@), brought this suit pursuant to an assignment of claims from
Gainsco=s former insured, Traxel
Construction, Inc., and its owner, Fred Bell, alleging that Gainsco=s Comprehensive General Liability (ACGL@) policy provided coverage for El
Naggar=s claims, and Gainsco breached its
insurance contract with Traxel by failing to provide coverage for a $3.6
million judgment rendered against Traxel and Bell in the underlying suit, Ahmed
El Naggar v. American Steel Building, Co. et al., Cause No. 2001-51294 (Aunderlying suit@).  In the underlying suit, El Naggar
alleged defective construction by Traxel and others.[1] 


Gainsco
defended Traxel under a reservation of rights set out in two letters.  The underlying
suit went to trial on October 4, 2004, but ended in a mistrial on October 5,
2004.  The next day, October 6, 2004, Gainsco and Traxel executed a policy
buy-back agreement wherein Gainsco paid Traxel $50,000 in exchange for Traxel=s transfer to Gainsco of all its
interests in the CGL policy and release of Gainsco from all claims, demands,
and causes of action arising out of the CGL policy.  On January 24, 2005, the
second trial in the underlying suit commenced and, on August 8, 2005, the trial
court entered a final judgment in favor El Naggar in the amount of $3.6 million
against Traxel.  








On
February 4, 2005, El Naggar filed the current coverage suit against Gainsco,
seeking the $3.6 million judgment from the underlying suit.  El Naggar brought
the following claims against Gainsco:  breach of contract, breach of the duty
of good faith and fair dealing, tortious interference, civil conspiracy, and
violations of the DTPA, the Texas Insurance Code, and the Texas Uniform
Fraudulent Transfer Act.  El Naggar also filed a declaratory judgment
requesting a declaration that the policy buy-back agreement is unconscionable
and violates the Texas Insurance Code, Texas Uniform Fraudulent Transfer Act,
and public policy.  

The
parties filed cross-motions for summary judgment on the validity of the policy
buy-back agreement.[2]  On September
11, 2006, the trial court granted El Naggar=s motion for summary judgment and
declared the buy-back agreement between Traxel and Gainsco void as against
public policy.  On June 13, 2007, Gainsco filed a motion to sever and abate the
interlocutory summary judgment ruling so that the judgment would become final
and appealable.  On July 10, 2007, respondent denied the motion.  

Standard
of Review

In order
to obtain mandamus relief, the relator must show that the trial court clearly
abused its discretion and relator has no adequate remedy by appeal.  In re
Sw. Bell Tele. Co., L.P., 226 S.W.3d 400, 403 (Tex. 2007) (orig.
proceeding).  The trial court abuses its discretion if it reaches a decision so
arbitrary and unreasonable as to constitute a clear and prejudicial error of
law.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  








                                                            Severance
of Claims

Gainsco
complains that respondent abused her discretion in refusing to grant the
severance because validity of the policy buy-back agreement is a predicate to
the viability of El Naggar=s remaining claims.  It posits that if the policy buy-back
agreement is found to be valid and enforceable, the mutual rescission of the
CGL policy and Traxel=s release of all claims arising out of the policy will bar
any claims El Naggar could bring pursuant to the assignment he received from
Traxel.  

Rule 41
of the Texas Rules of Civil Procedure governs the severance of claims.  See
Tex. R. Civ. P. 41 (AAny claim against a party may be severed and proceeded with
separately.@).  A claim may be severed if (1) the controversy involves more than one
cause of action, (2) the severed claim could be the proper subject of a lawsuit
if independently asserted, and (3) the severed claim is not so interwoven with
the remaining action that both involve the same facts and issues.  Guar.
Fed. Savs. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex.
1990).  The controlling reasons for a severance are to do justice, avoid
prejudice, and further convenience.  Id.  The trial court has broad
discretion in the severance of causes of action.  Morgan v. Compugraphic
Corp., 675 S.W.2d 729, 734 (Tex. 1984); Black v. Smith, 956 S.W.2d
72, 75 (Tex. App.CHouston [14th Dist.] 1997, orig. proceeding).








Although
trial courts are given broad discretion in determining whether to grant
severance, that discretion is not unlimited.  Black, 956 S.W.2d at 75; United
States Fire Ins. Co. v. Millard, 847 S.W.2d 668, 671 (Tex. App.BHouston [14th Dist.] 1993, orig.
proceeding).  The trial court has a duty to order severance where the facts and
circumstances unquestionably require severance to prevent Amanifest injustice,@ where no facts or circumstances
support a contrary conclusion, and where there will be no prejudice suffered.  Black,
956 S.W.2d at 75 (citing Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677,
683 (1956)).  Under such circumstances, the refusal to order a severance
constitutes a violation of a plain legal duty, even though it is often termed a
clear abuse of discretion.  Black, 956 S.W.2d at 75 (citing Womack,
291 S.W.2d at 683).

First,
we examine whether the validity of the buy-back agreement is an issue that is
appropriate for severance.  See In re Ben E. Keith Co., 198 S.W.3d 844,
850 (Tex. App.BFort Worth 2006, orig. proceeding).  El Naggar, who has brought several
causes of action, does not dispute that Gainsco has satisfied the first
requirement for severance.  El Naggar disputes that Gainsco has met the second
requirement because the validity of the buy-back agreement is not an
independent claim.  Instead, because it is an element or operative fact in his
other claims, no final judgment could be issued on the finding.  El Naggar
contends, therefore, that if respondent had granted the motion to sever and
abate, an appellate court likely would have dismissed the appeal for want of jurisdiction. 
We disagree.

A person
interested under a contract, whose rights are affected by the contract, may
seek determination of any question of construction or validity arising under
the instrument and obtain a declaration of rights.  Tex. Civ. Prac. & Rem.
Code Ann. ' 37.004(a) (Vernon 1997); see also Bright v. Addison, 171 S.W.3d
588, 606 (Tex. App.CDallas 2005, pet. dism=d) (explaining that the purpose of a
declaratory judgment is to settle and afford relief from uncertainty with
respect to rights, status, and legal relations).  A court can declare the
rights and status of the parties to a contract Awhether or not further relief is or
could be claimed.@  Tex. Civ. Prac. & Rem. Code Ann. ' 37.003(a) (Vernon 1997).  








Gainsco
points out that if the validity of the buy-back agreement were merely an
element of El Naggar=s other claims, respondent could not have granted summary
judgment in favor of El Naggar.  We agree.  When the plaintiff moves for
summary judgment, he must conclusively prove each element of its claim as a
matter of law.  Geiselman v. Cramer Fin. Group, Inc., 965 S.W.2d 532,
535 (Tex. App.CHouston [14th Dist.] 1997, no writ); see also Tex. R. Civ. P.
166a(a) (AA party seeking . . . to obtain a declaratory judgment may, at any time
after the adverse party has appeared or answered, move with or without
supporting affidavits for a summary judgment in his favor upon all or any part
thereof.@).  We conclude that a declaratory
judgment determining the existence or validity of a contract is the proper
subject of a lawsuit if independently asserted.  Therefore, the second
requirement for the granting of a severance has been satisfied.  

The
parties dispute whether the third requirement for severance has been met. The
severed causes of action should not be so interwoven as to require the
introduction of evidence on the same facts and issues.  Coal. of Cities for
Affordable Util. Rates v. Pub. Util. Comm=n of Tex., 798 S.W.2d 560, 564 (Tex. 1990). 
Gainsco argues such evidence will not be relevant to El Naggar=s remaining claims.  

El
Naggar cites the Texas Supreme Court=s opinion in Liberty Nat. Fire
Ins. Co. v. Akin as controlling authority in this proceeding.  927 S.W.2d
627 (Tex. 1996) (orig. proceeding).  In Akin, the supreme court denied
Liberty=s petition for writ of mandamus
requesting that the trial court be compelled to sever the plaintiff=s breach of contract claim from the
bad faith insurance claim.  Id. at 628.  The court held that such claims
were interwoven, with most evidence admissible on both claims.  Id. at
630.  Any prejudicial effect could be ameliorated by appropriate limiting
instructions.  Id.  








Relying
on Akin, El Naggar asserts that his claims are interwoven because his
civil conspiracy, fraudulent conveyance, tortious interference with contract,
DTPA, and Insurance Code claims all include evidence relating to Gainsco=s (1) representation about coverage
at the inception of the Traxel construction contract and (2) negotiations to
buy back the coverage.  El Naggar further contends that even if there was no
insurance policy, whether Gainsco=s conduct conformed to reasonable
insurance practices would still be litigated because Gainsco represented to him
that there was coverage by providing proof of insurance in a certificate of
insurance.  Failing to see the applicability of the Akin holding, we are
unpersuaded by these arguments.  We agree with Gainsco that there are no facts
to be determined on the public policy issue.  Therefore, because the public
policy issue is not factually interwoven with El Naggar=s other claims, Gainsco has met the
third requirement for severance.  Having determined that the claim is
severable, we now examine whether the trial court=s refusal to order a severance here
amounts to an abuse of discretion.  

This
case illustrates the fundamental rationale for severance.  The controlling
reasons for severance are to do justice, to avoid prejudice, and to promote
convenience.  Guar. Fed. Savs. Bank, 793 S.W.2d at 658.  In addition,
the facts and circumstances of this case compel a severance in order to prevent
manifest injustice to Gainsco.  Armed with the interlocutory summary judgment,
El Naggar will be able to argue to the jury that the judgment is Aconclusive evidence that Gainsco made
an illegal contract, committed fraud, conspired with its insured, acted
unconscionably, and violated various Texas statutes and Texas public policy.@[3]  Gainsco=s only defense would be to ask the
jury to disregard the order declaring the buy-back agreement void.  It is
improper for a jury to decide a question of law.[4] 


In Turboff
v. Gertner, Aron & Ledet Investments, we addressed a similar problem:








The granting of the partial summary judgment, which
was then relied on by [the plaintiff] to preclude introduction of evidence
regarding the parties= intent to contract, severely prejudiced the defendants= rights to develop fully their
defense to the fraud allegations.  Further prejudice was suffered by them when,
in response to their attempts to introduce such evidence of their intent, the
trial court permitted [the plaintiff] to introduce the interlocutory order of
partial summary judgment.  Using a blown-up poster of the order, counsel for
[the plaintiff] admonished the jury that [the defendant] was Aasking them to overrule the judge@ and suggested that once the summary
judgment was granted, [the defendant] should then have performed under the
contract.  Even had the summary judgment been properly granted, the prejudicial
effect on the jury of such admonishments is obvious.

763 S.W.2d 827, 832 (Tex.
App.CHouston [14th Dist.] 1988, writ denied). 


We agree
that Gainsco will be prejudiced because it will not be able to fully develop
its defenses.  Gainsco may find itself arguing to jurors that they should, in
effect, overrule respondent, to whom all attorneys, parties, court staff, and
jurors must defer.

Our
review of the record also leads us to conclude that no facts or circumstances
support a contrary conclusion, and that El Naggar will not be prejudiced by
allowing a severance so that Gainsco may appeal the partial summary judgment. 
While we do not decide the propriety of the partial summary judgment in this
proceeding, the validity of the buy-back agreement constitutes a substantial
portion of Gainsco=s defenses to the remaining claims asserted by El Naggar in
this lawsuit.  Respondent=s summary judgment appears destined for appeal, and El NaggarCwhose claims are also predicated on
the alleged invalidity of the buy-back agreementCwill not be prejudiced by allowing
Gainsco to appeal an issue that is crucial to both parties= arguments at trial.

Because
all requirements have been met to sever the declaratory judgment and lack of a
severance in this case will cause manifest injustice to Gainsco, we conclude
that respondent abused her discretion in denying Gainsco=s motion to sever the interlocutory
summary judgment to render it final and appealable and to abate the
proceedings.              








Verification
of Motion to Abate

El
Naggar also argues that respondent did not abuse her discretion in denying
Gainsco=s motion to sever and abate because
Gainsco did not verify its portion of the motion requesting an abatement. 
Pleas in abatement are not included in the list of pleas which must be verified
under Rule 93 of the Texas Rules of Civil Procedure.  Tex. R. Civ. Proc. 93. 
Rule 93 provides that A[a] pleading setting up any of the following matters, unless
the truth of such matters appear of record, shall be verified by affidavit.@  Id.  AA motion to abate is used to
challenge the plaintiff=s pleadings by alleging facts outside the pleadings that
prove the suit cannot go forward in its present condition.@  Morgan v. City of Alvin, 175
S.W.3d 408, 421 (Tex. App.CHouston [1st Dist.] 2004, no pet.).  Because Gainsco=s motion to abate is not based on
facts outside the record requiring verification, Gainsco was not required to
verify its motion to abate.  

                                         Timeliness
of Motion to Sever and Abate








El
Naggar contends that Gainsco=s motion to sever and abate was untimely because it waited
nine months before it filed its motion, as well as this subsequent petition. 
On October 23, 2006, Gainsco filed a petition for writ of mandamus in this
court regarding a discovery dispute.  On November 9, 2006, we ordered the trial
court proceedings stayed pending a ruling on the petition or until further
orders from this court.  On May 15, 2007, we issued our opinion, granting the
petition in part, and denying in part.  See Gen. Agents Ins. Co. of Am.,
Inc., 224 S.W.3d at 810.  On May 24, 2007, we lifted our stay.  On June 13,
2007, Gainsco filed its motion to sever and abate.  On July 9, 2007, El Naggar
filed his response, and respondent held a hearing on the motion.  On July 10,
2007, respondent denied the motion.  Gainsco states in its current petition
that respondent=s order was not mailed, faxed, or otherwise served on the
parties and was not immediately posted on the trial court=s online docket.  Beginning in
mid-July 2007, Gainsco=s counsel checked the Harris County courts= website, looking for an order on the
motion to sever and abate.  On August 27, 2007, Gainsco=s counsel learned of respondent=s July 10, 2007 order denying the
motion to sever and abate.  El Naggar does not dispute that Gainsco=s counsel did not learn of the denial
of its motion to sever and abate until August 27, 2007.  Given the history of
this case, we do not find Gainsco=s motion or petition untimely.  

                                                 No
Adequate Remedy By Appeal

Gainsco
contends that it has no adequate remedy by appeal.  To determine if a party has
an adequate remedy by appeal, we ask whether Aany benefits to mandamus review are
outweighed by the detriments.@  In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
136 (Tex. 2004) (orig. proceeding).  Gainsco contends that its potential
inability to fully develop its defenses renders appeal an inadequate remedy. 
We agree that Gainsco will lose a substantial right in not being able to fully
develop its defenses to El Naggar=s claims.  Walker, 827 S.W.2d
at 842 (explaining appeal is not an adequate remedy when parties stand to lose
their substantial rights).  Moreover, jury confusion will likely result in
findings on liability because the jury may perceive that it cannot contradict
respondent=s summary judgment ruling on the issue of the buy-back agreement.  The
injustice imposed on Gainsco cannot be remedied on appeal.  See Prudential
Ins. Co. of Am., 148 S.W.3d at 136; see also Womack, 291 S.W.2d at
683 (holding that mandamus is warranted if the injustice resulting from the refusal
to sever cannot be remedied on appeal). 

                                                                     Sanctions








El
Naggar requests sanctions because Gainsco allegedly failed to cite controlling
authority in its petition, and such omission could not have been accidental. 
El Naggar has cited no authority in the Texas Rules of Appellate Procedure or
in case law to support his claim for sanctions.  See Tex. R. App. P.
38.1(h).  In light of our granting Gainsco=s requested relief, sanctions are not
appropriate in this proceeding.  

                                                                    Conclusion

We
conditionally grant the petition for a writ of mandamus and direct the trial
court to (1) vacate its order denying Gainsco=s motion to sever and abate and (2)
grant such motion, severing the interlocutory summary judgment order on the
validity of the buy-back agreement from El Naggar=s other claims and abating the
proceedings.  The writ will issue only if the trial court fails to act in accordance
with this opinion.  We further lift our order to stay the trial court
proceedings entered on December 11, 2007.  

 

 

/s/        Adele Hedges

Chief Justice

 

 

 

Petition Conditionally Granted and
Substitute Opinion filed May 15, 2008.

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Seymore.

 

 









[1]  This is the second original proceeding to
arise out of this insurance coverage suit.  See In re Gen. Agents Ins. Co.
of Am., Inc., 224 S.W.3d 806 (Tex. App.CHouston
[14th Dist.] 2007, orig. proceeding).  In the previous proceeding, Gainsco
requested that we compel respondent to vacate and set aside her order
compelling production of Gainsco=s
insurance claims filed on the underlying lawsuit against Traxel.  We
conditionally granted the writ in part, and denied it in part.





[2]  In Ranger Insurance. Co. v. Ward, the
Texarkana Court of Appeals, held that an agreement to cancel an insurance
policy after notice of a loss covered by the policy was void as contrary to
public policy.  107 S.W.3d 820, 829B30
(Tex. App.CTexarkana
2003, pet. denied).  





[3]  According to Gainsco, El Naggar=s counsel has already
indicated that he will seek to have this evidence included.  





[4] 
Gainsco also maintains that it will suffer prejudice if respondent excludes
evidence regarding the use and acceptance of policy buy-back agreements in the
insurance industry.