Petition for Writ of Mandamus Denied, and Motion for Temporary Relief
Denied as Moot, and Memorandum Opinion filed June 6, 2008








 

Petition
for Writ of Mandamus Denied, and Motion for Temporary Relief Denied as Moot,
and Memorandum Opinion filed June 6, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00376 -CV

____________

 

IN RE JANICE M. WILKERSON, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

Relator
Janice M. Wilkerson asks in this original proceeding that we issue a writ of
mandamus requiring that the respondent[1] sever her
counterclaim from the underlying lawsuit and, further, that the respondent be
ordered to grant her leave to designate a responsible third party under chapter
33 of the Texas Civil Practice and Remedies Code.  Relator has not demonstrated
her entitlement to the extraordinary relief of a writ of mandamus.  We
therefore deny the petition.








The
facts of this case are known to the parties, and we need not recite them at
length.  Real party in interest (Rich Gaddis) sued relator for negligence in
connection with a motor vehicle accident on May 15, 2004.  Wilkerson denies
liability, and also asserts by counterclaim that the parties entered into a
valid settlement of all claims.  The parties filed competing summary judgments
on the counterclaim.  The trial court denied Wilkerson=s motion, and granted Gaddis=s.  Wilkerson asked that the
counterclaim be severed so that she could appeal the summary judgment orders. 
That request was denied.

Wilkerson
also sought leave to designate Memorial Hermann Hospital, one of Gaddis=s health care providers, as a
responsible third party.  See Tex. Civ. Prac. & Rem. Code Ann. ' 33.004 (Vernon Supp. 2007).  The
trial court denied relator=s request for leave, ruling that she failed to plead
sufficient facts concerning the hospital=s responsibility.  See id. ' 33.004(g).  Relator now assails that
ruling, and the denial of her severance request, by petitioning for a writ of
mandamus.

The law
concerning severance of claims is well-settled.  A claim may be severed if (1)
the controversy involves more than one cause of action; (2) the claim to be
severed could be the proper subject of a separate lawsuit if independently
asserted; and (3) the severed claim is not so interwoven with the remaining
action that both involve the same facts and issues.  Guar. Fed. Sav. Bank v.
Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990).  A trial court
possesses broad discretion in deciding whether to sever causes of action. Black
v. Smith, 956 S.W.2d 72, 75 (Tex. App.BHouston [14th Dist.] 1997, orig.
proceeding).  That a claim may be severed does not always mean that it must. 
A severance must be ordered where the facts and circumstances unquestionably
require severance to prevent Amanifest injustice,@ where no facts or circumstances
support a contrary conclusion, and where a severance would not prejudice any of
the parties.  See id. (citing Womack v. Berry, 156 Tex. 44, 291
S.W.2d 677, 683 (1956)).








Wilkerson
contends that, because appellate resolution of her contract counterclaim might
dispose of the underlying lawsuit, judicial economy required that her
counterclaim be severed.  We disagree; mandamus relief is not warranted merely
because an ordinary appeal might involve more expense or delay.  See Walker
v. Packer, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding).  Wilkerson
has not demonstrated that the lack of a severance will result in manifest
injustice, or that the trial court=s broad discretion in this matter was
extinguished.  We therefore overrule relator=s first issue.

We need
not decide whether Wilkerson was entitled to designate the hospital as a
responsible third party, because we hold that relator has an adequate remedy by
appeal.  Whether an appellate remedy is Aadequate@ depends heavily upon the
circumstances presented.  See In re Prudential Ins. Co., 148 S.W.3d 124,
137 (Tex. 2004) (orig. proceeding).  The determination rests upon a careful
consideration of both public and private interests.  See id. at 136. 
This case does not present the sort of extraordinary circumstances that justify
mandamus relief.  See In re Arthur Andersen, L.L.P., 121 S.W.3d 471, 486
(Tex. App.BHouston [14th Dist.] 2003, orig. proceeding).  Instead, allowing mandamus
relief in cases like this one would increase the expense and delay of civil
litigation by enabling parties to pursue extraordinary relief in all kinds of
cases, exceptional or not.  See  In re Unitec Elevator Servs. Co., 178
S.W.3d 53, 65-66 (Tex. App.BHouston [1st Dist.] 2005, orig. proceeding).  Therefore, any
benefits to mandamus relief are outweighed by the detriments.  See
Prudential, 148 S.W.3d at 137.  We overrule relator=s second issue.

Accordingly,
we deny the petition for writ of mandamus, and likewise deny as moot relator=s motion for temporary relief.

PER
CURIAM

Petition Denied and Memorandum Opinion filed, June 6,
2008.

Panel consists of Justices Yates, Anderson, and Brown.









            [1]           The
Honorable Reece Rondon, presiding judge of the 234th Judicial District Court of
Harris County, Texas.