

NUMBER 13-12-00732-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE GUILLERMO R. PECHERO, M.D. AND
RUBEN D. PECHERO, M.D.

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion Per Curiam[1]

Guillermo R. Pechero, M.D. and Ruben D. Pechero, M.D., filed a petition for writ of mandamus in the above cause on December 3, 2012, seeking relief from an order severing their counterclaims against the real party in interest, Agustin Garcia. The Court requested and received a response to the petition for writ of mandamus from Garcia.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Generally, mandamus relief is appropriate only when (1) there has been a clear abuse of discretion by the trial court, and (2) there is no adequate remedy on appeal. *In re Olshan Found. Repair*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). We assess the adequacy of an appellate remedy by "balancing the benefits of mandamus review against the detriments." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2007) (orig. proceeding). In performing this balancing, we look at a number of factors, among them "whether mandamus will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *Id.* (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)).

Courts permit severance principally to avoid prejudice, do justice, and increase convenience. *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding); *F.F.P. Operating Partners v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007). A claim may be severed if: (1) the controversy must involve multiple causes of action, (2) the severed claim would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim must not be so interwoven with the remaining action that they involve the same facts and issues. *In re State,* 355 S.W.3d at 614; *Guaranty Fed. Savs. Bank. v.*

2

*Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990); *see also* TEX. R. CIV. P. 41. A trial court possesses broad discretion in deciding whether to sever causes of action. *Black v. Smith*, 956 S.W.2d 72, 75 (Tex. App.—Houston [14th Dist.] 1997, orig. proceeding). A trial court abuses its discretion if it fails to order a severance "[w]hen all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion." *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto under the applicable standard of review, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, the stay previously imposed by this Court is LIFTED. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The petition for writ of mandamus is DENIED. *See id.* R. 52.8(a).

PER CURIAM

Delivered and filed the 18th
day of December, 2012.

3