Affirmed and Opinion filed July 20,
2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00071-CV



Robert C.
Barton, Windoor World, Inc., and Deriso Development, LLC, Appellants 

v.

Fashion Glass
and Mirror, LTD, Appellee 



On Appeal from
the 19th District Court

McLennan County, Texas

Trial Court
Cause No. 2008-1881-5



 

OPINION

Appellants Robert C. Barton, Windoor World, Inc., and
DeRiso Development, LLC appeal from the trial court’s order confirming an
arbitration award in favor of appellee Fashion Glass and Mirror, Ltd. (“FGM”)
and severing the arbitration award from the remaining claims.  Appellants
assert that the trial court erred in confirming the award against Barton and
DeRiso, that the arbitrator exceeded the scope of his authority in making the
award, and that the trial court improperly severed the arbitration award from
the rest of the claims in the lawsuit.  We affirm.

BACKGROUND

FGM and Windoor
entered into an agreement for FGM to purchase the assets of Windoor from
Barton.  According to FGM’s brief, DeRiso is another entity owned by Barton and
is a third-party beneficiary under the contract.[1] 
During the negotiations, Barton represented that Windoor’s net worth was about
$590,000.  Paragraph 2(d) of the purchase agreement provided for a post-closing
accounting to occur within 120 days of closing that could adjust the ultimate purchase
price based on whether the accounting showed a certain greater or lesser net
worth than represented.  FGM conducted this accounting, which showed that
Windoor’s net worth was only $100,647.64—substantially less than had been
represented.  FGM sent a demand letter to Barton and Windoor for $343,972.25. 
Windoor and Barton refused to pay, based on objections they had to FGM’s
accounting.

FGM sued Windoor, Barton, and DeRiso for fraud and
breach of contract.  FGM, Windoor, Barton, and DeRiso entered into a rule 11
agreement.  In one section of the agreement, the parties agreed to a limited
arbitration before a Certified Public Accountant.  The agreement states:  “The
Parties agree to submit their dispute regarding the paragraph 2(d) calculation dispute
to the Arbitrator and that any ruling by the Arbitrator shall be final and
binding upon all the parties.”  In a separate section of the rule 11 agreement,
the parties agreed that if a certain property was sold or transferred, a
portion of the proceeds would be placed in escrow to be used for paying any
amounts the arbitrator found “to be owed to FGM by Defendants Barton, Deriso
[sic] and/or Windoor, or owed to Defendants Barton, Deriso [sic] and/or Windoor
by FGM.”

The parties went to arbitration, and the arbitrator
issued an award in favor of FGM.  The arbitrator found that Windoor’s net worth
was even less than FGM’s original figures showed and therefore determined that
FGM was owed $475,964 rather than the $343,972.25 that FGM had originally
demanded.  FGM filed a motion to confirm the arbitration award and sever it
from the remainder of the case, which the trial court granted.  Windoor,
Barton, and DeRiso now appeal.

ANALYSIS

A.     Legal
Standard for Reviewing Arbitration Awards

Texas law strongly favors arbitration of disputes.  See
Prudential Sec. Inc. v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995); Baker
Hughes Oil Field Operations, Inc. v. Hennig Prod. Co., 164 S.W.3d 438, 442
(Tex. App.—Houston [14th Dist.] 2005, no pet.).  Judicial review of an
arbitration award is very limited.  See City of Pasadena v. Smith, 292
S.W.3d 14, 20 (Tex. 2009).  Absent proof of certain statutory or common law
exceptions, a trial court cannot vacate or modify an arbitration award.  See
Baker Hughes, 164 S.W.3d at 442.  An arbitration award is entitled to the
force and respect of a judgment, and every reasonable presumption must be
indulged in favor of the award.  See CVN Group, Inc. v. Delgado, 95
S.W.3d 234, 238 (Tex. 2002); Baker Hughes, 164 S.W.3d at 442.

B.      Award
Against Barton and DeRiso 

In their first issue, appellants argue that the trial
court erred in confirming the arbitration award as to Barton and DeRiso.  They insist
that only Windoor agreed with FGM to arbitrate the paragraph 2(d) dispute, and
they deny that the arbitration award as written covers Barton and DeRiso. 
Therefore, they contend that the trial court erred in confirming an arbitration
award against Barton and DeRiso when they did not agree to be bound by
arbitration and when the arbitration award did not purport to include them.  We
disagree with both of these arguments.

A rule 11 agreement is a contract subject to the usual
rules of contract interpretation.  Trudy’s Tex. Star, Inc. v. City of Austin,
307 S.W.3d 894, 914 (Tex. App.—Austin 2010, no pet. h.).  We interpret a
contract in accordance with the intent of the parties as expressed in the plain
wording of the contract.  See Dynegy Midstream Servs., Ltd. P’ship v. Apache
Corp., 294 S.W.3d 164, 168 (Tex. 2009); Frost Nat’l Bank v. L&F
Distribs., Ltd., 165 S.W.3d 310, 311–12 (Tex. 2005).  The first paragraph
of the rule 11 agreement states that it is being entered into by FGM and
Barton, Windoor, and DeRiso, which are collectively referred to as the
“Parties.”  The arbitration section of the agreement states:  “The Parties
agree to submit their dispute regarding the paragraph 2(d) calculation dispute
to the Arbitrator and that any ruling by the Arbitrator shall be final and
binding upon all the Parties.”  This language plainly states that all of the
parties to the agreement, which include Barton and DeRiso, agree to arbitration
and to be bound by the arbitration results.  This interpretation is supported
by language in the agreement regarding costs, which provides that the
arbitration costs “shall be borne equally, one half by Plaintiff and one half
by Defendants.” (emphasis added).  Furthermore, DeRiso and Barton
specifically agreed to place a portion of proceeds from the sale of certain
property into an escrow fund for the express purpose of paying “any and all
amounts determined by the Arbitrator to be owed to FGM by Defendants Barton,
Deriso [sic], and/or Windoor.”  The agreement plainly states that all three
appellants were agreeing to submit to and be bound by arbitration, to pay one half
of all arbitration costs, and to set aside money in escrow to cover at least a
portion of a potential arbitration award to FGM against any or all of them.

We also reject appellants’ argument that the
arbitration award did not purport to include Barton and DeRiso.  In his award,
as well as in a pre-award letter to the parties, the arbitrator consistently
used the word “Defendant.”  From this, appellants argue that the arbitrator was
referring only to Windoor and not all three appellants.  This is too narrow a
view in the circumstances.  The arbitrator was working from the arbitration
agreement, which explicitly states that all three appellants agreed to be bound
by arbitration and had taken steps to fund any award against them.  Further,
all three appellants participated in the arbitration process.  We do not have a
complete record of the arbitration showing Barton and DeRiso’s precise level of
participation in the arbitration,[2]
but the record contains one letter to the arbitrator from all three appellants explaining
“Defendants’ position” regarding “the resolution of the disputes relating to”
FGM’s post-closing accounting.  And all three appellants paid the arbitration
fee.  Moreover, the arbitrator took no action showing an intent to treat
Windoor separately from the other appellants.  Thus, when viewed in context of
the language in the arbitration agreement, the information submitted by the
parties, and the parties’ conduct in the arbitration, the arbitrator’s award is
more reasonably read as including all three appellants.  See Babcock &
Wilcox Co. v. PMAC, Ltd., 863 S.W.2d 225, 235 (Tex. App.—Houston [14th
Dist.] 1993, writ denied) (“If the award is rationally inferable from the facts
before the arbitrator, we must affirm the award.”); Riha v. Smulcer, 843
S.W.2d 289, 293–94 (Tex. App.—Houston [14th Dist.] 1992, writ denied)
(interpreting reasonableness of arbitration award in light of arbitration
proceedings and information before arbitrator); see also CVN Group, 95
S.W.3d at 238 (“All reasonable presumptions are indulged in favor of the award,
and none against it.”).

Appellants insist that the trial court had no power
to confirm the arbitration award against all three appellants because the
underlying contract dispute was between only FGM and Windoor and therefore no pleading
supported that liability as to Barton and DeRiso.  Appellants have no authority
supporting this proposition.  The authority they cite involves a trial court
entering a final judgment in a case with no arbitration, which must be based on
the live pleadings at the time of judgment.  See, e.g., Herrington v.
Sandcastle Condominium Ass’n, 222 S.W.3d 99, 102 (Tex. App.—Houston [14th
Dist.] 2006, no pet.).  However, the arbitrator’s authority is derived from the
arbitration agreement, not the court pleadings, and the arbitrator can grant
relief that a trial court can not.  See Tex. Civ. Prac. & Rem. Code Ann. § 171.090 (Vernon 2005)
(“The fact that the relief granted by the arbitrators could not or would not be
granted by a court of law or equity is not a ground for vacating or refusing to
confirm the award.”); City of Pasadena, 292 S.W.3d at 20 (“An arbitrator
derives his power from the parties’ agreement to submit to arbitration.”); see
also Baker Hughes, 164 S.W.3d at 444 (stating that arbitration
pleadings are to be construed liberally).

We conclude that all appellants agreed to be bound by
arbitration and that the arbitration award covered all appellants.  Therefore,
the trial court did not err in confirming the arbitration award against Barton
and DeRiso, and we overrule appellants’ first issue.

C.     Scope of
Authority

In their second issue, appellants argue that the
trial court should have vacated the arbitration award on the grounds that the
arbitrator exceeded the scope of his authority.  See Tex. Civ. Prac. & Rem. Code Ann. §
171.088(a)(3)(A) (Vernon 2005).  The scope of an arbitration agreement is a
question of law that we review de novo.  See McReynolds v. Elston, 222
S.W.3d 731, 740 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  We broadly
construe arbitration agreements, and the burden is on the party challenging the
award to prove the arbitrator acted outside his authority.  See id.; Baker
Hughes, 164 S.W.3d at 444.  There is a presumption that the arbitrator’s
actions were within his authority, and we resolve all doubts in favor of the
award.  See McReynolds, 222 S.W.3d at 740; Peacock v. Wave Tec Pools,
Inc., 107 S.W.3d 631, 635–36 (Tex. App.—Waco 2003, no pet.); see also
Prudential, 909 S.W.2d at 899 (noting “the strong presumption in favor of
arbitration”).

Appellants contend that the arbitrator exceeded the
scope of his authority by concluding that they owed FGM an amount that was more
than FGM’s pre-arbitration demand.  They contend that the dispute submitted to
arbitration was narrowly limited to whether FGM’s demand was correct or should
be lowered in response to appellants’ objections.  We disagree with appellants’
interpretation of the arbitration agreement.  Though the agreement was narrow
in the sense that it gave the arbitrator authority to resolve only the
paragraph 2(d) dispute, it gave the arbitrator full authority to resolve that
issue.[3] 
The parties could have agreed to limit the arbitrator’s authority to enter an
award above or below a certain amount, but they did not.  Instead, they agreed
“to submit their dispute regarding the paragraph 2(d) calculation dispute to
the Arbitrator.”  Appellants complain that the arbitrator exceeded his
authority by requesting supplemental information from the parties and conducting
a “de novo accounting.”  The power to request supplemental information was well
within the arbitrator’s authority.  The parties agreed to arbitration before a
CPA so he could use his expertise to resolve their accounting dispute, and this
gave him implied authority to obtain the information from the parties necessary
to do so.  See City of Pasadena, 292 S.W.3d at 20 n.41 (noting that
arbitrator’s authority is derived from the matters submitted in the arbitration
agreement “‛either expressly or by necessary implication’” (quoting Gulf
Oil Corp. v. Guidry, 327 S.W.2d 406, 408 (Tex. 1959))); accord Baker
Hughes, 164 S.W.3d at 443.  Further, the limited information we have from
the arbitration indicates that the arbitrator did not in fact conduct a totally
new accounting but rather worked with FGM’s calculations and appellants’
objections, both of which were adjusted in the course of the arbitration’s
adversarial and discovery process.

The arbitrator resolved the parties’ dispute.  That
he did so in an unexpected manner does not mean the arbitrator acted outside
the scope of his authority.  See Babcock, 863 S.W.2d at 235 (“When
parties agree to arbitration, they agree to accept whatever reasonable
uncertainties might arise from the process.”).  The trial court did not err in
refusing to vacate the arbitration award on the basis that the arbitrator
exceeded the scope of his authority.  We overrule appellants’ second issue.

D.   
 Severance

In their third issue,
appellants argue that the trial court erred in severing the arbitration award
from the remainder of the suit.  Texas Rule of Civil Procedure 41 provides that
any claim against a party can be severed and proceeded with separately.  A
claim is properly severable if (1) the controversy involves more than one cause
of action, (2) the claim to be severed is an independent claim, and (3) the
claim to be severed is not so interwoven with the remaining claims that they
involve the same facts and issues.  See Guar. Fed. Sav. Bank v. Horseshoe
Operating Co., 793 S.W.2d 652, 658 (Tex. 1990); In re Gen. Agents Ins.
Co. of Am., 254 S.W.3d 670, 673 (Tex. App.—Houston [14th Dist.] 2008, orig.
proceeding [mand. denied]).  We review a trial court’s severance determination
for an abuse of discretion.  Guar. Fed. Sav. Bank, 793 S.W.2d at 658; In
re Gen. Agents, 254 S.W.3d at 673.

Appellants contend that the arbitration award is not
severable because it is not independent from the remaining claims in the
lawsuit.  They assert that the arbitrated claim is not independent because it
arises out of the same transaction as the fraud claim and therefore would be a
compulsory counterclaim.  However, that is not the test in the severance
context.[4] 
For a claim to be independent in the severance context, the claim need only be
capable of having been asserted as a claim in a separate lawsuit.  See Guar.
Fed. Sav. Bank, 793 S.W.2d at 658; Collins v. Tex Mall, L.P., 297
S.W.3d 409, 418–19 (Tex. App.—Fort Worth 2009, no pet.); In re Gen. Agents,
254 S.W.3d at 673.  The arbitrated claim is based on FGM’s breach of contract
claim against Windoor, which certainly could stand alone as an independent
lawsuit.

Appellants further assert that the arbitration award
is not severable because it is too interwoven with the remaining fraud claim. 
We disagree.  The arbitrator was asked to decide a narrow financial issue, which
was the propriety of the post-closing accounting under paragraph 2(d) of the
contract.  The fraud claim will require proof of misrepresentations, intent,
reliance, and a basis for punitive damages, none of which were at issue in the
arbitration.  Thus, the overlap between the narrow issue arbitrated and the
proof necessary at trial on the fraud claim is not significant.  Appellants
emphasize that the damages are intertwined because FGM cannot recover for both
contract and fraud damages based on the same transaction.  Even if the damages
FGM recovered in the arbitration award impact the damages recoverable in the
fraud claim, that is not a basis for denying severance because the trial judge
can take the arbitration award into account in entering judgment on the fraud
claim.  We conclude that the arbitration award is not so interwoven with the
fraud claim as to prevent severance.  See In re Gen. Agents, 254 S.W.3d
at 674–75 (finding that declaratory judgment claim involving validity of
agreement not so intertwined as to prevent severance from claims involving
misrepresentations and contract negotiations); Crossmark, Inc. v. Hazar,
124 S.W.3d 422, 433 & n.11 (Tex. App.—Dallas 2004, pet. denied) (finding no
abuse of discretion in severing arbitrated claim from remainder of suit because
of separate issues to be resolved in non-severed claims).

The trial court did not abuse its discretion in
severing the arbitration award from the remaining claims in the suit.  We
overrule appellants’ third issue.

CONCLUSION

Having overruled appellants’ three issues, we affirm
the trial court’s order confirming and severing the arbitration award.

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

Panel consists of Justices Yates,
Seymore, and Brown.









[1]
The record does not provide any additional information about DeRiso and its
relationship to Barton and/or Windoor.





[2]
Without a complete record of the arbitration proceedings, we presume adequate
support for the arbitration award.  See Anzilotti v. Gene D. Liggin, Inc.,
899 S.W.2d 264, 267 (Tex. App.—Houston [14th Dist.] 1995, no writ).





[3]
This is unlike the situation in Peacock v. Wave Tec Pools, Inc., 107
S.W.3d 631 (Tex. App.—Waco 2003, no pet.), the authority on which appellants
heavily rely, because the arbitration agreement there specified explicit
remedies and stated that the arbitrator could not exceed those remedies.  Id.
at 635.





[4]
The only authority appellants cite in support of their theory is a case
involving a compulsory counterclaim, not severance.  See S. Plains Switching
Ltd. v. BNSF Ry., 255 S.W.3d 690, 700 (Tex. App.—Amarillo 2008, pet.
denied).