**Affirmed and Memorandum Opinion filed October 4, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00049-CV

---

## KENNETH MARSH AND SABRINA DARLING-MARSH, Appellant

## V.

## PRADANYA HALDANKAR, M.D., Appellee

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2018-91469A**

---

### MEMORANDUM OPINION

In two issues, appellants-plaintiffs, Kenneth Marsh and Sabrina Darling Marsh, appeal the trial court's final summary judgment of their health care liability claims against appellee-defendant, Pradanya Haldankar, M.D., one of three health care providers[1] the Marshes sued in connection with treatment and care of Mr. Marsh related to his December 29, 2016 cataract surgery. We affirm.

---

[1] The Marshes also filed health care liability claims against the hospital, Cypress Fairbanks Medical Center and surgeon, Joseph A Zarzour, M.D.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from the health care liability claim filed by the Marshes against Dr. Haldankar, the anesthesiologist who put Mr. Marsh under general anesthesia for cataract surgery. The Marshes allege that Mr. Marsh was not a candidate for general anesthesia and Dr. Haldankar's administration of the anesthesia led to post-operative complications. The Marshes further allege that Dr. Haldankar extubated Mr. Marsh too soon, causing severe complications, including a life-threatening loss of oxygen.

The Marshes filed their lawsuit on December 28, 2018, and served Dr. Haldankar on June 17, 2019.

Dr. Haldankar filed his answer on June 28, 2019. In his answer, Dr. Haldankar alleged that the Marshes had not provided a proper medical authorization in their pre-suit notice as required by Chapter 74, and therefore the case was abated.[2] However, Dr. Haldankar's abatement notice was not verified, and the trial court did not enter an order abating the case.

Thereafter, the parties proceeded as if the case had not been abated. The Marshes filed discovery requests and a Motion for a New Trial Setting. Similarly, in the year that followed, Dr. Haldankar filed three motions asking the court to dismiss the Marshes' claims against her.

First, on Sept 9, 2019, Dr. Haldankar filed a motion for summary judgment based on the statute of limitations, challenging the Marshes' diligence in serving their claims. On Dec. 9, 2019, the trial court denied the motion.

Then, on December 19, 2019, Dr. Haldankar filed a motion to dismiss based

---

[2] Dr. Haldankar's answer stated: "Defendant hereby invokes Texas Civil Practice & Remedies Code §74.052 providing that all further proceedings in this matter are hereby ABATED for a period of 60 days following receipt of the required authorization by Defendant".

on the contention that the Marshes' expert reports were not compliant under section 74.351. The Marshes amended their expert reports. The case was not dismissed.

Finally, on August 13, 2020, Dr. Haldankar filed a hybrid motion for summary judgment. In her traditional motion for summary judgment, Haldankar argued that the expert designation deadline had passed and that the Marshes had not amended their designation to include a qualified expert to testify in support of the essential elements of their health care liability claims. In her no-evidence summary-judgment motion, Haldankar argued that the Marshes lacked evidence to support their claim that she had breached any applicable standard of care, or that such breach proximately caused Mr. Marsh's injuries.

In their response to the traditional motion for summary judgment, the Marshes argued that the evidence Dr. Haldankar supplied in support of her own motion was conclusory. In their response to the no-evidence motion for summary judgment, the Marshes argued that they had not had adequate time for discovery. At the same time, the Marshes filed a motion for a new trial setting and new docket control order. The trial court granted plaintiffs' motion, noting that it was essentially a motion for continuance, and reset the trial and deadlines for expert designations and completion of discovery.

Nevertheless, on September 4, 2020, the trial court granted Haldankar's hybrid summary judgment motion.[3]

The Marshes attempted to revive claims against Haldankar by filing a motion for new trial, but were unsuccessful. The court's disposition of their claims against Haldankar became final upon the court's order severing the claims against

---

[3] The trial court did not indicate whether it was granting the traditional or no-evidence motion, or both.

her from the Marshes' claims against the other defendants.

## II. ISSUES AND ANALYSIS

In two issues, Appellants Kenneth Marsh and Sabrina Darling Marsh challenge the trial court's order granting appellee Dr. Haldankar's summary-judgment motion dismissing their health care liability claims against her.

## 1. Were the Marshes' claims against Haldankar abated at the time of the summary judgment proceeding?

In their first issue, the Marshes argue that the summary judgment order is void because the case was abated by operation of Haldankar's allegations in her answer that the case was abated under Chapter 74. The Marshes contend on appeal that their claims against Haldankar were abated at the time Haldankar filed her summary judgment, and by extension, when the court granted Haldankar's summary judgment motion. The Marshes first raised this issue in their Motion for New Trial. They did not present this argument in response to any of the three dispositive motions that filed in the previous year. On appeal, Haldankar contends that the Marshes waived this argument and notes among other facts, that the Marshes Motion for New Trial was not verified.

The Marshes contend that the case was automatically abated when Haldankar invoked Section 74.052 of the Texas Civil Practice and Remedies Codes in her unverified answer. The provision states:

> (a) Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

Tex. Civ. Prac. & Rem. Code Ann. § 74.052.

4

We need not venture deep into the construction of the mechanics of the statute to address appellant's issue.  The provision does not operate in a vacuum, in contradiction to basic principles of civil procedure, including the fundamental practices in abatement procedure.  *See In re Gen. Agents Ins. Co. of Am., Inc.*, 254 S.W.3d 670, 676 (Tex. App.—Houston [14th Dist.] 2008, no pet.)(explaining that motion to abate or plea in abatement based on facts outside of the record must be verified); *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988) (explaining a motion to abate is waived if it is not set for a hearing before the trial or made in a timely manner), *overruled on other grounds*, *In re J.B. Hunt Transp.*, 492 S.W.3d 287 (Tex.2016). The Marshes have provided no authority supporting their argument: *automatic* abatement without proof, verification, a hearing, or a ruling. We have we found no authority either applying section 74.052 in the manner suggested by appellants, or any case law in regard to a similar provision that creates an abatement in the manner appellants suggest.

Other statutory provisions allowing for an abatement based on defects in pre-suit notice require at minimum, verification or a hearing and order, to effectuate the requested abatement.  *See e.g.*, Tex. Educ. Code Ann. § 22.0513 ("The court shall abate the suit if the court, *after a hearing*, finds that the person is entitled to an abatement because notice was not provided as required by this section.").  The DTPA provides for automatic abatement, but still requires the filing of a verified plea in abatement.  Tex. Bus. & Com. Code Ann. § 17.505(d). Since the Marshes' alleged failure to provide a medical authorization would have been outside the record, at a minimum the plea in abatement would have had to have been verified. *See In re Gen. Agents Ins. Co. of Am., Inc.*, 254 S.W.3d at 676.

The Marshes primarily rely on two cases, *Hutchinson v. Wood*, 657 S.W.2d

5

782 (1983) and *Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d 934 (Tex. 1983). Those cases, however, are inapplicable. *Schepps* and *Hutchinson* were decided on a previous statutory provision, Art. 4590i, section 4.01. That section required that a plaintiff give written notice of a health care liability claim by certified mail at least sixty days before the filing of a lawsuit. The statute, however, was silent as to the penalty should a plaintiff fail to send the notice. In *Schepps*, the plaintiff failed to give the statutory notice and the defendant moved for summary judgment because of the lack of notice. The court of appeals ruled that the case should be dismissed. The Supreme Court disagreed and concluded that when a plaintiff has failed to give notice sixty days prior to the filing of suit, **upon motion of the defendant**, the cause should be abated. 652 S.W.2d at 934 (emphasis added). The abatement was not automatic; it required "upon motion of the defendant."

*Hutchinson* reached a similar result. In *Hutchinson* while it was disputed as to whether the plaintiff gave pre-suit notice, the plaintiff clearly failed to state that he had complied with the notice provision, which was a requirement under art. 4590i, section 4.01. The defendant filed a plea in abatement and motion to dismiss because of the plaintiff's failure to plead compliance with the notice provision. The trial court dismissed plaintiff's case and the court of appeals affirmed. Relying on *Schepps*, the Supreme Court remanded the case with instruction that the trial court abate the case until plaintiff pled in conformity with art. 4590i, section 4.01. Again, the abatement was not automatic; on remand the trial court was instructed to order an abatement.

*Schepps* and *Hutchinson* do not support the Marshes' argument. In those cases, the Supreme Court created a remedy of abatement to prevent a manifest injustice of dismissal should plaintiff fail to give notice or verify that notice had

6

been given.  In both *Schepps* and *Hutchinson*, the defendant either filed a plea in abatement, a motion for summary judgment, or a motion to dismiss.  In other words, the failure of plaintiff to give the required notice was squarely placed before the trial court.  In both cases, the Supreme Court remanded with instructions to the trial court to order abatement.

Both the Marshes and Haldankar ignored the abatement.  Plaintiffs cannot simply ignore the "abatement," file discovery and seek affirmative relief, contest the merits of motions to dismiss and motions for summary judgment, and then, if the trial court rules against the plaintiff, claim that all actions by the trial court were nullities.  We conclude that the abatement procedure in section 75.052 requires that the defendant file a verified plea in abatement or a motion to abate and the trial court must order abatement before the case is abated.  On this record, we cannot conclude that the trial court improperly granted summary judgment.

We therefore overrule appellant's first issue.

## 2.  Did the trial court abuse its discretion in its implicit determination that adequate time for discovery had passed for consideration of the no-evidence summary-judgment motion?

In their second issue, the Marshes attack the merits of both the traditional and the no-evidence summary judgment motions. With respect to the no-evidence motion, the Marshes argue that there was not adequate time for discovery. Because the Marshes did not attempt to supply the court with any evidence in response to Haldankar's no-evidence summary judgment motion, but only complain that the trial court erred by granting Haldankar's motion over their objection that adequate time for discovery had not passed, we first address the merits of the court's grant of the no-evidence motion.

The trial court implicitly found that an adequate time for discovery passed

7

before its consideration of the no-evidence motion for summary judgment. We review the trial court's determination as to whether there has been an adequate time for discovery on a case-by-case basis, under an abuse-of-discretion standard. *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Chamie v. Mem'l Hermann Health Sys.*, 561 S.W.3d 253, 256–57 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

There are two components to the consideration of the adequacy-of-time-for-discovery issue in this case: the legally recognized factors that courts consider, and the existence of verified proof supplied by the party seeking relief. First, with respect to the factors relevant to determining the adequacy of time for discovery, courts consider the following: (1) the nature of the case, (2) the nature of the evidence necessary to controvert the no-evidence motion, (3) the length of time the case was active, (4) the amount of time the no-evidence motion was on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery that already had taken place, and (7) whether the discovery deadlines in place were specific or vague. *See McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Lindsey Constr., Inc. v. AutoNation Fin. Services, LLC*, 541 S.W.3d 355, 361 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Second, with respect to the proof requirement, the party who is contending he has not had an adequate opportunity for discovery before a summary-judgment hearing or that there has not been adequate time for discovery under Texas Rule of Civil Procedure 166a(i), must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See* Tex. R. Civ. P. 166a(g); *see also Tenneco, Inc. v. Enter. Prods., Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Kaldis v. Aurora Loan Servs.*, 424 S.W.3d 729, 736 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Lindsey Constr., Inc. v. AutoNation*

*Fin. Services, LLC*, 541 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Alco Realty v. Coastal Horizons Inv., LLC*, No. 01-17-00984-CV, 2018 WL 6377388, at *3 (Tex. App.—Houston [1st Dist.] Dec. 6, 2018, no pet.).

We accept that unverified parts of the record provide some evidence of the *McInnis* factors, and that some of the factors are favorable to appellant's argument in demonstrating time constraints in responding to Haldankar's summary-judgment motion. The discovery period had been extended several months just a day before the court's summary judgment order. There are periods of time during the pendency of the suit that discovery had been limited due to litigation over the Marshes' expert reports. But, in the absence of either an affidavit explaining the need for further discovery, or a verified motion for continuance of the summary-judgment hearing aimed at the same purpose, we cannot conclude that the trial court abused its discretion. In the absence of sworn proof, the trial court was free to conclude that it lacked the required proof by the Marsh's explaining their need for further discovery to respond to appellant's no-evidence summary judgment motion.

We overrule the Marshes' second issue.

### III. CONCLUSION

Having considered the Marshes' issues on appeal challenging the trial court's final summary judgment, we conclude that both lack merit. We therefore affirm the order of the trial court.


/s/      Randy Wilson
                Justice

Panel consists of Justices Wise, Poissant and Wilson.

9