Gabriele L. LICHTE, Petitioner,

v.

GOVERNMENT EMPLOYEES
INSURANCE CO.,
Respondent.

No. D–0128.

Supreme Court of Texas.

Sept. 18, 1991.

Rehearing Denied April 8, 1992.

Dick Stengel and Charles A. Deason, Jr., El Paso, for petitioner.

Joseph L. Hood, Jr. and Jeffrey S. Alley, El Paso, for respondent.

ON APPLICATION FOR WRIT OF ERROR TO
THE COURT OF APPEALS FOR THE
EIGHTH DISTRICT OF TEXAS

PER CURIAM.

Gabriele L. Lichte alleges that the car she was driving was struck by a vehicle driven by Gary John Hayes, who she says was negligent, intoxicated and uninsured. Lichte sued her insurer, Government Employees Insurance Co. (GEICO), to recover under the uninsured motorist coverage of her policy. Lichte also joined Hayes as a defendant. Hayes was served but failed to answer, and Lichte obtained a default judgment against him for $100,000 actual damages and $400,000 punitive damages. The trial court severed the default judgment, making it final, and no appeal was taken. Lichte then moved for summary judgment against GEICO for the damages awarded her against Hayes up to the $300,000 limit of her policy. The trial court granted Lichte's motion.

The court of appeals reversed the trial court's summary judgment and remanded the case for further proceedings. 792 S.W.2d 546. The court held that GEICO was not liable to Lichte for the damages awarded her against Hayes because GEICO's policy stated: "Any judgment for damages arising out of a suit brought without our [GEICO's] written consent is not binding on us." It is undisputed that GEICO did not consent in writing to Lichte's suit against Hayes. We agree with the court of appeals that Lichte did not establish as a matter of law that GEICO waived consent or is estopped to insist upon it.

Lichte argues that GEICO should not have been allowed to raise the consent provision of the policy in its response to Lichte's motion for summary judgment because it was required to plead lack of consent and failed to do so. Assuming Lichte is correct, which we need not decide, the trial court should have permitted GEICO to amend its pleadings, as it moved to do prior to the rendition of summary judgment. TEX.R.CIV.P. 63; *see Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex.1988). Lichte addressed the consent issue herself in a brief filed in support of her summary judgment motion, and therefore could hardly have been surprised when GEICO raised it. Thus, even under Lichte's theory, the trial court's denial of GEICO's motion for leave to amend constitutes reversible error.

Accordingly, we conclude that the judgment of the court of appeals is correct. The court of appeals' discussion of whether GEICO is liable to Lichte for punitive damages assessed against Hayes is unnecessary to the disposition of this appeal, and we express no view on the issue. Lichte's application for writ of error is denied.