6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00039-CV


______________________________





IN RE: CHAD KOEHN








 


Original Mandamus Proceeding









 
 



Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Grant




______________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment







O P I N I O N



 Relator, Chad Koehn, petitions for a writ of mandamus to the Honorable Joe D. Clayton,
serving as a visiting judge in the 124th Judicial District Court of Gregg County. Koehn requests this
court to order Judge Clayton to vacate his order denying Koehn's Motion for Severance from a suit
filed by the real parties in interest, Elaine and Greg Shadowens, against Koehn and the Shadowenses'
insurers, Progressive County Mutual Insurance Company and Travelers Insurance Company.

 In the underlying suit, the Shadowenses' alleged that Koehn's negligence caused his vehicle
to collide with the Shadowenses' vehicle and that Progressive and Travelers owed them
compensation for their losses under the "uninsured/underinsured motorist" provisions of their
insurance policies. Koehn filed a Motion to Transfer Venue from Gregg County to either
Washington County, where the collision occurred, or Wharton County, where Koehn lives. (1) Change
of venue is not before this court. Koehn later filed a motion requesting the claims against him be
severed. (2) The district court denied the Motion to Sever stating, "After due consideration of all
relevant factors, the Court finds that any prejudice to Chad Koehn can be alleviated by conducting
separate trials."

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed
by law when there is no adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992); In re Ramsey, 28 S.W.3d 58, 60 (Tex. App.-Texarkana 2000, orig. proceeding). We
therefore must determine (1) whether the district court abused its discretion in refusing to sever
Koehn from the underlying suit, and (2) whether Koehn has an adequate remedy by appeal. See
Ramsey, 28 S.W.3d at 60-61.

 With respect to the resolution of factual issues or matters committed to the district court's
discretion, we may not substitute our judgment for that of the district court. Brady v. Fourteenth
Court of Appeals, 795 S.W.2d 712, 714 (Tex. 1990); Ramsey, 28 S.W.3d at 61. Koehn must
establish that the district court could reasonably have reached only one decision. Walker, 827
S.W.2d at 840; Ramsey, 28 S.W.3d at 61.

 Our review is much less deferential with respect to the district court's determination of the
legal principles controlling its ruling because "[a] trial court has no 'discretion' in determining what
the law is or applying the law to the facts." Huie v. DeShazo, 922 S.W.2d 920, 927 (Tex. 1996); 
Walker, 827 S.W.2d at 840. Consequently, a district court's erroneous legal conclusion, even in an
unsettled area of law, is an abuse of discretion. See Huie, 922 S.W.2d at 927-28.

 A severance splits a single suit into two or more independent actions, each of which can
terminate in a separate judgment that is final and appealable. Van Dyke v. Boswell, O'Toole, Davis
& Pickering, 697 S.W.2d 381, 383 (Tex. 1985). The parties or claims go out of the original case. 
Grossenbacher v. Burket, 427 S.W.2d 595, 597 (Tex. 1968).

 An order for separate trials leaves the lawsuit intact, but enables the trial court to determine
one or more issues without trying all controverted issues at the same hearing. Hall v. City of Austin,
450 S.W.2d 836, 837-38 (Tex. 1970). An issue that is tried separately need not constitute a complete
lawsuit in itself. Kan. Univ. Endowment Ass'n v. King, 162 Tex. 599, 350 S.W.2d 11, 19 (1961). 
A separate trial results in an interlocutory order determining the claims or issues tried, but there is
only one final judgment entered after all claims and issues involved in the lawsuit have been tried. 
Id.

 A trial court has broad discretion in deciding whether to sever. Guar. Fed. Sav. Bank v.
Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990) (op. on reh'g). We will reverse a trial
court's determination regarding severance only if we find an abuse of discretion. Id. Nevertheless,
when all the facts and circumstances of the case unquestionably require a severance to prevent
manifest injustice, there is no fact or circumstance supporting or tending to support a contrary
conclusion, and the legal rights of the parties will not be prejudiced, there is no room for the exercise
of discretion. In that situation, the trial court has a duty to order a severance. See Allstate Ins. Co.
v. Hunter, 865 S.W.2d 189, 191 (Tex. App.-Corpus Christi 1993, orig. proceeding); United States
Fire Ins. Co. v. Millard, 847 S.W.2d 668, 671-72 (Tex. App.-Houston [1st Dist.] 1993, orig.
proceeding); see also Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677, 682 (1956) (orig. proceeding).

 Severance is proper when (1) the controversy involves more than one cause of action, (2) the
severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3)
the severed claim is not so interwoven with the remaining action that it involves the same facts and
issues. Id. The controlling reasons for a severance are to do justice, avoid prejudice, and further
convenience. Id. 

 In the present case, the Shadowenses' suit involves more than one cause of action, and the
claims against Koehn would be the proper subject of a suit if independently asserted. The question
is whether the facts surrounding the claims against Progressive and Travelers are sufficiently
interwoven with the facts surrounding the claims against Koehn as to warrant the conclusion that the
district court did not abuse its discretion. If the facts of each case are sufficiently interwoven, then
the suit is not subject to severance absent a showing that Koehn's rights would otherwise be
prejudiced and that such prejudice could not be removed. See Liberty Nat'l Fire Ins. Co. v. Akin, 927
S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (holding severance is not required in the absence
of compelling circumstances such as the existence of evidence admissible to prove one claim that
would prejudice the defense of another claim); see also Allstate Ins. Co. v. Evins, 894 S.W.2d 847,
850 (Tex. App.-Corpus Christi 1995, orig. proceeding) (holding limiting instruction could remove
prejudice to insurer's defense against plaintiff's contract cause of action caused by evidence of
insurer's settlement negotiations offered in defense of plaintiff's bad faith cause of action).

 Koehn contends his rights will be prejudiced because resolution of the claims against
Progressive and Travelers would require the introduction of evidence of his liability insurance, which
is ordinarily not admissible in a personal injury suit. He cites Black v. Smith, 956 S.W.2d 72, 75
(Tex. App.-Houston [14th Dist.] 1997, orig. proceeding), in which the plaintiffs sued Black for
personal injuries and breach of contract, and Black's insurance company for invasion of privacy and
intentional infliction of emotional distress. Id. at 73-74. The claim against Black's insurer involved
the insurer's alleged disclosure of the plaintiffs' medical and employment records to a third party. 
Id. at 74.

 The defendants sought a severance, and the trial court refused. Id. at 73. The court of
appeals granted a conditional writ of mandamus requiring the trial court to vacate its order because
the plaintiffs' suit involved more than one cause of action, each of which could be the subject of an
independent suit, because the claims against Black's insurer involved different facts from the claims
against Black and because the lack of a severance would result in manifest injustice by introducing
evidence of insurance that would prejudice Black's defense. Id.

 Black is distinguishable from the present case in at least two respects. First, in Black, the
claims against Black's insurance company did not arise from the events that gave rise to claims
against Black. In the present case, the Shadowenses' cause of action against Progressive and
Travelers arises out of their purported failure to pay under the Shadowenses' insurance policies. That
duty arose, if at all, because of the collision between the Shadowenses and Koehn and is contingent
on the amount of damages, if any, for which Koehn should be held responsible.

 Second, in Black, the plaintiffs/real parties in interest withdrew their opposition to severance
after the trial court's ruling and after the court of appeals issued a stay of the proceedings in the trial
court. Id. at 74. In the present case, the district court did not order a severance, but it did grant
Koehn a separate trial. Compare Tex. R. Civ. P. 41 with Tex. R. Civ. P. 174(b). Therefore, the
danger of prejudice to Koehn's rights from evidence of liability insurance has been minimized.

 Koehn also contends his rights are prejudiced because he must defend the suit in Gregg
County, when the collision occurred in Washington County and he lives in Wharton County. The
substance of Koehn's contention is that, if the Shadowenses had sued only him, venue would not
have been proper in Gregg County. See Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1), (2)
(Vernon Supp. 2002) (venue is proper in the county in which events giving rise to the claim occurred
or in the county of the defendant's residence). He contends venue is proper over him only because
of the claims asserted against Progressive and Travelers. See Tex. Civ. Prac. & Rem. Code
Ann. § 15.005 (Vernon Supp. 2002) (if venue is proper against one defendant, it is proper against
all defendants).

 The Texas Supreme Court has held an insured must establish the liability of an
uninsured/underinsured motorist and the extent of the damages before becoming legally entitled to
recover benefits under an uninsured/underinsured motorist policy. See Henson v. S. Farm Bureau
Cas. Ins. Co., 17 S.W.3d 652, 653 (Tex. 2000). Article 5.06-1(c) of the Insurance Code authorizes
the State Board of Insurance to promulgate the forms of the uninsured/underinsured motorist
coverage. Tex. Ins. Code Ann. art. 5.06-1(c) (Vernon Supp. 2002). The Board has promulgated
such forms which provide that the policy contain a provision that the insurance company will not
be liable as a result of a judgment obtained against the uninsured/underinsured motorist unless the
insurance company has filed a written agreement to the settlement or the litigation against the
uninsured/underinsured motorist. There have been no indications that such a waiver exists in the
present case. 

 An insured seeking the benefits of uninsured/underinsured motorist coverage may (1) sue the
insurance company directly without suing the uninsured/underinsured motorist; (2) sue the
uninsured/underinsured motorist with the written consent of the insurance company, making the
judgment binding against the insurance company; or (3) sue the uninsured/underinsured motorist
without the written consent of the insurance company and then relitigate the issue of liability and
damages. Millard, 847 S.W.2d at 674; Criterion Ins. Co. v. Brown, 469 S.W.2d 484, 485 (Tex. Civ.
App.-Austin 1971, writ ref'd n.r.e.). There is no suggestion, indication, or contention the insurance
companies have entered into a written agreement making the litigation binding on the insurance
companies. 


 One of the purposes of requiring the insurance company's written consent to sue is to allow
the insurance company to protect itself from a default judgment taken against the
uninsured/underinsured motorist or an insubstantial defense by the uninsured/underinsured motorist. 
See Allstate Ins. Co. v. Hunt, 469 S.W.2d 151, 154 (Tex. 1971); Criterion Ins. Co., 469 S.W.2d at
485 n.5. In Hunt, the appellee sued the uninsured motorist with the insurer's consent and joined the
insurer in the suit. Hunt, 469 S.W.2d at 152. The trial court granted the insurer a separate trial. Id. 
The appellant then sought to defend the uninsured motorist, but the trial court found there was a
conflict of interest. Id. The Texas Supreme Court held the trial court did not abuse its discretion in
finding a conflict of interest, held the appellant's consent meant it was bound by the judgment against
the uninsured motorist, and upheld the judgment against the appellant. Id. at 155.

 In Gov't Employees Ins. Co. v. Lichte, 792 S.W.2d 546, 546 (Tex. App.-El Paso 1990), writ
denied, 825 S.W.2d 431 (Tex. 1991) (per curiam), the appellees sued the appellant and joined the
uninsured motorist in the suit without the appellant's consent. The appellees obtained a default
judgment against the uninsured motorist, severed that judgment to obtain a final judgment, and
moved for summary judgment against the appellant. Id. at 546-47. The trial court granted summary
judgment, but the court of appeals reversed, holding the appellees' failure to obtain the appellant's
consent to sue meant the issue of liability and damages would have to be relitigated. Id. at 548-49.

 If the Shadowenses had obtained Progressive's and Travelers's consent to sue Koehn, then
any judgment against Koehn would be binding on Progressive and Travelers. See Criterion Ins. Co.,
469 S.W.2d at 485. (The action by the Shadowenses against Progressive and Travelers is one in
contract; the action against Koehn is an action in tort.) If the Shadowenses do not have Progressive's
and Travelers's consent to sue Koehn, the Shadowenses will have to litigate the issue of liability and
damages against Progressive and Travelers. (3) Therefore, because the issue of liability and damages
will have to be litigated twice, the Shadowenses' claim against Koehn is not sufficiently interwoven
with their claim against Progressive and Travelers. The trial court has no choice but to sever the
actions. 

 This does not address the matter of venue, which is not before this court. Based on the record
before us, we direct the trial court to sever the cause of action against Koehn. We are confident the
district court will comply. The writ will issue only if the trial court fails to do so.




 Ben Z. Grant

 Justice


Date Submitted: September 18, 2002

Date Decided: September 19, 2002


Publish
1. In accordance with Tex. Ins. Code Ann. art. 5.06-1(8) (Vernon Supp. 2002), venue against
an insurer in an action to enforce uninsured or underinsured coverage is the county in which the
policyholder or beneficiary instituting the suit resided at the time of the accident, or in the county
in which the accident involving the uninsured or underinsured motor vehicle occurred.
2. The Motion to Transfer Venue was filed first, as required by Rule 86(1). See Tex. R.
Civ. P. 86(1). The Motion to Sever is not contained in the record provided to this court.
3. The record is also silent concerning what role, if any, Progressive and Travelers will have
in defending Koehn. The Texas Supreme Court has held an insurance company can participate
on the side of the uninsured/underinsured motorist if the trial court determines such participation
will not constitute a conflict of interest. Allstate Ins. Co. v. Hunt, 469 S.W.2d 151, 152-53 (Tex.
1971).