In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00447-CV**
_____

**IN RE ION AT EAST END, ASSET CAMPUS HOUSING, INC., AUSTIN STUDENT VENTURE II, L.P., TRIBRIDGE RESIDENTIAL, LLC**

**Original Proceeding**

**MEMORANDUM OPINION**

A petition for writ of mandamus filed by Ion at East End, Asset Campus Housing, Inc., Austin Student Venture II, L.P., and TriBridge Residential, LLC contends the trial court abused its discretion by denying a motion to sever a negligence and premises liability suit from a claim for uninsured motorist benefits and transfer the case to the county where the accident occurred. After reviewing the petition, the mandamus record, and the response of the real parties in interest, Wesley Palmer and Donna Palmer, we conditionally grant mandamus relief.

Sara Kaitlin Palmer was struck and killed by a vehicle driven by an unknown motorist as she was walking in the parking lot of the Austin, Texas apartment complex where she resided. The Palmers filed suit in Orange County against all defendants on venue facts that their contract claim against State Farm Mutual Automobile Insurance Company ("State Farm") arose in Orange County because the policyholders resided in Orange County and made demand for payment there. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.002(a)(1), 15.032 (West 2002). The Palmers alleged their daughter Sara was a covered person on the Palmers' automobile policy with State Farm. They alleged Relators owned, controlled, or managed the premises, which were unreasonably dangerous and on which they allowed a dangerous activity, all of which proximately caused Sara's death. The Palmers alleged Relators breached a duty to Sara, an invitee, to inspect the premises and to warn or cure dangerous conditions, including an inoperable security gate, no security guards or cameras, no speed bumps or other traffic control devices, and inadequate lighting. Relators asked the trial court to sever the claims against them from the Palmers' uninsured motorist benefits claim against State Farm and to transfer venue of the claims against them to Travis County. The trial court denied the motion.

An order denying a motion to sever is not immediately appealable but may be challenged by an original mandamus proceeding. *See In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d 646, 650 & n.12 (Tex. App.—El Paso 1999, orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion for which the relators have no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). The trial court abuses its discretion when it fails "to analyze or apply the law correctly[.]" *Id.*

A trial court may exercise discretion in deciding whether to sever claims. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) (orig. proceeding); *see* Tex. R. Civ. P. 41. To establish the trial court abused its discretion in failing to sever the claims, Relators must show: "(1) the controversy involves more than one cause of action; (2) the severed claim is one that could be asserted independently in a separate lawsuit; and (3) the severed actions are not so interwoven with the other claims that they involve the same facts and issues." *See Akin*, 927 S.W.2d at 629. "The controlling reasons for a severance are to do justice, avoid prejudice and further convenience." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990).

3

The Palmers concede that the controversy involves more than one cause of action and that the two claims could be asserted independently in separate suits. The parties dispute whether the claims are so interwoven that they involve the same facts and issues. Because they must prove the unknown motorist was negligent to recover the $30,000 uninsured motorist benefit from State Farm, the Palmers argue the contract and tort claims can be tried together, with State Farm standing in the shoes of the unknown motorist. According to the Palmers, a single jury can apportion fault between the premises owners and the unknown motorist, avoiding the possibility of conflicting verdicts on the contract and tort claims. Citing *In re Liu*, the Palmers argue the trial court may deny severance where a plaintiff sues multiple parties for a single indivisible injury under varying causes of action. *See* 290 S.W.3d 515, 523-24 (Tex. App.—Texarkana 2009, orig. proceeding). *Liu* concerned claims brought against joint tortfeasors. *Id.* at 523. The Palmers are not suing the unknown motorist; they are suing their insurance company. "[T]he insurer's contractual obligation to pay benefits does not arise until liability and damages are determined." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

The Palmers suggest uninsured motorist coverage is not in dispute, but during the hearing State Farm's counsel acknowledged that the insurer's

contractual liability depends on the outcome of the tort liability without admitting that coverage is undisputed. Although the two causes of action have some overlapping facts and issues, the negligence claims against the premises owners and the contractual claims against the insurer do not involve the same facts and issues. *In re Reynolds*, 369 S.W.3d 638, 652 (Tex. App.—Tyler 2012, orig. proceeding). Because any introduction of insurance into the trial of the negligence claims would unfairly prejudice the defense, severance is required and mandamus is the appropriate remedy to protect the alleged tortfeasors' right to have their liability decided without mention of insurance related to the plaintiffs' contractual claim against their insurer. *See In re Koehn*, 86 S.W.3d 363, 367 (Tex. App.—Texarkana 2002, orig. proceeding); *see also Reynolds*, 369 S.W.3d at 653-54. Evidence of insurance would be admissible in the trial of the contractual claim, and inadmissible in the trial of the tort claim; because we cannot speculate about what issues will be contested at trial, we cannot determine from the mandamus record that prejudice can be avoided without severance. *See Reynolds*, 369 S.W.3d at 653. We hold the trial court abused its discretion when it denied Relators' motion to sever.

The Palmers argue that venue is proper in Orange County because the suit on the accident policy can be brought in the county of their residence. *See* Tex.

Civ. Prac. & Rem. Code Ann. §§ 15.002(a)(1), 15.032. Because section 15.005 is a derivative venue statute, it would not determine venue after severance. *Reynolds*, 369 S.W.3d at 656; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.005 (West 2002). The Palmers suggest venue might be proper in Orange County through probate proceedings, but Chapter 15 of the Civil Practice and Remedies Code controls venue to the extent of any conflict with the Texas Probate Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.007 (West 2002); *see generally In re Reliant Energy, Inc.*, 159 S.W.3d 624, 626 (Tex. 2005). The Palmers alleged no venue facts that would place venue of the severed negligence claims in Orange County.

Issues one and two are sustained. We are confident that the trial court will vacate its order of August 15, 2013, sever the Palmers' negligence claims against Relators from the Palmers' contract dispute with their insurer, and transfer the case in light of the severance. The writ shall issue only if the trial court fails to act promptly in accordance with this opinion within a reasonable time.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on October 16, 2013
Opinion Delivered October 31, 2013

Before McKeithen, C.J., Kreger and Horton, JJ.

6