

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00432-CV

PATRICK VAN ADRICHEM, LIDWINA VAN ADRICHEM
AND JAKOB VAN DER WEG, APPELLANTS

V.

AGSTAR FINANCIAL SERVICES, FLCA, AS LOAN SERVICER AND ATTORNEY-IN-FACT FOR MCFINNEY AGRI-FINANCE, LLC, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CI-13A-040, Honorable Lee Waters, Presiding

November 13, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellants Patrick Van Adrichem, Lidwina Van Adrichem, and Jakob Van Der Weg appeal a judgment on a promissory note, and an order of severance. We will affirm the judgment and the severance order.

## Background

Appellants are partners in a Texas general partnership, Friendship Dairies. The partnership and appellants, jointly and severally, borrowed some $18 million from McFinney Agri-Finance, LLC. In August 2012, Friendship Dairies filed a voluntary Chapter 11 bankruptcy petition. McFinney's attorney-in-fact, appellee AgStar Financial Services, FLCA, brought suit in January 2013 against appellants individually to recover for breach of the promissory note. It alleged the note had been accelerated and was due in full. AgStar filed identical motions for summary judgment against each of the appellants. The trial court granted the motions in part and denied them in part. It granted summary judgment as to the amount of principal, interest, and late charges owed under the note. It denied AgStar's summary judgment as to attorney's fees and costs.

Over appellants' objection, the trial court, *sua sponte,* entered an order severing the claims for which it denied summary judgment and entered a final judgment as to the amount of principal, interest, and late charges owed under the note. Appellants thereafter filed a motion for new trial, also raising objection to the severance. That motion was overruled by operation of law. This appeal followed.

## Analysis

Appellants raise three issues on appeal, asserting the trial court: (1) abused its discretion by overruling their objections to the summary judgment evidence; (2) erred in granting AgStar's motion for summary judgment; and (3) abused its discretion by severing a single cause of action.

Summary Judgment Evidence

In appellants' first issue, they argue the trial court erred by overruling their specific objections to the affidavit of Dan Godfrey concerning the unpaid principal balance, accrued interest and late charges due under the note. In support of their contention, appellants assert Godfrey's affidavit is based on hearsay rather than personal knowledge and is thus not competent summary judgment evidence.

We review rulings on the admission and exclusion of evidence for abuse of discretion. *McCraw Materials, L.L.C. v. DivLend Equip. Leasing, L.L.C.,* No. 07-12-00215-CV, 2013 Tex. App. LEXIS 779, at *11, (Tex. App.—Amarillo Jan. 28, 2013, no pet.) (mem. op.), (*citing In re J.P.B.,* 180 S.W.3d 570, 575 (Tex. 2005)). We must uphold a trial court's evidentiary ruling if there is any legitimate basis for it. *Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998) *(citing State Bar of Tex. v. Evans,* 774 S.W.2d 656, 658 n.5 (Tex. 1989)). An affidavit presented in a summary judgment proceeding must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Tex. R. Civ. P. 166a(f).

Here, Godfrey's affidavit stated he had "personal knowledge of the matters set forth in this affidavit or [he had] obtained such knowledge from [AgStar's] books and records"; that he is employed by AgStar as "Lending Service Team Leader"; is "one of the custodians of the books, records, and files of AgStar"; and that he had "personally worked on said books, records, and files." The affidavit contains the requisite information and recitations under Rule 902(10) and 806(6). *See* Tex. R. Evid. 902(10);

3

806(6). The trial court did not abuse its discretion in overruling appellants' objection to the affidavit on the basis of hearsay.

A corporate employee is generally presumed to possess personal knowledge of facts the employee would learn in the usual course of employment without having to otherwise prove personal knowledge. *Energico Prod. v. Frost Nat'l Bank,* No. 02-11-00148-CV, 2012 Tex. App. LEXIS 724, at *15 (Tex. App.—Fort Worth January 26, 2012, pet. denied) (mem. op.) (citations omitted). The personal knowledge requirement is satisfied when an affiant's summary judgment affidavit contains testimony that identifies him as a record custodian and sufficiently describes the relationship between the affiant and the case so that it reasonably may be assumed the affiant has personal knowledge of the facts stated in the affidavit. *See Kyle v. Countrywide Home Loans, Inc.,* 232 S.W.3d 355, 359 (Tex. App.—Dallas 2007, pet. denied) (affiant's testimony she was a foreclosure specialist and custodian of records for mortgagee sufficient to identify position and responsibilities, meeting personal knowledge requirement); *Stucki v. Noble,* 963 S.W.2d 776, 780 (Tex. App.—San Antonio 1998, pet. denied) (personal knowledge requirement satisfied where affidavit adequately described relationship between affiant and the case, permitting reasonable assumption she had personal knowledge of facts stated in her affidavit). The trial court reasonably could have concluded the facts and events described within the affidavit established Godfrey's personal knowledge.

Appellants also complain of the trial court's overruling of their objections that several of Godfrey's statements pertaining to amounts owed for principal, interest, and late charges are impermissibly conclusory.

A conclusory statement is one that does not provide the underlying facts to support the conclusion and, therefore, is not proper summary judgment proof. *Rizkallah v. Conner,* 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ). Conclusory statements are not susceptible to being readily controverted. *See Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.—Dallas 2008, no pet.) (readily controvertible statements by an affiant are not *per se* conclusory). However, an affidavit made on the personal knowledge of a bank officer, in which the officer identifies the note and recites the principal and interest due, is not conclusory and is sufficient to support summary judgment. *Rockwall Commons Assocs. v. MRC Mortg. Grantor Trust I,* 331 S.W.3d 500, 512 (Tex. App.—El Paso 2010, no pet.) (*citing American 10-Minute Oil Change, Inc. v. Metropolitan Nat'l Bank - Farmer's Branch*, 783 S.W.2d 598, 601 (Tex. App.—Dallas 1989, no writ)).

Here, the affidavit contained, in chart format, a statement of the unpaid principal in the amount of $16,361,125.64, as well as accrued interest, late charges, attorney's fees and costs and the per diem rate of continuing interest. The statements and figures in the affidavit are supported by the note itself, incorporated by reference into Godfrey's affidavit. Because Godfrey's statements regarding amount owed for principal, interest and late charges are supported by facts or documentation, his conclusion regarding those balances is not impermissibly conclusory. *See Myers v. Southwest Bank,* No. 02-14-00122-CV, 2014 Tex. App. LEXIS 13288, at* 6 (Tex. App.—Fort Worth Dec. 11, 2014, no pet.) (mem. op.) (fact that Southwest did not provide documentation of how it calculated the outstanding balance did not in and of itself make its evidence conclusory or insufficient as to the amount of the outstanding balance); *Fairbank v. First Am. Bank,*

5

No. 05-06-00005-CV, 2007 Tex. App. LEXIS 6228, at *4 (Tex. App.—Dallas August 7, 2007, no pet.). Godfrey was not required to provide any underlying or additional proof of his calculations. *See Energico Prod.,* No. 02-11-00148-CV, 2012 Tex. App. LEXIS 724, at *13 (lender need not file detailed proof of the calculations reflecting the balance due on note; affidavit by bank employee setting forth total balance due on note is sufficient to sustain award of summary judgment) (citations omitted). The trial court did not abuse its discretion by overruling appellants' objections to Godfrey's affidavit on the basis that statements made therein were conclusory.

We resolve appellants' first issue against them.

Grant of Appellee's Motion for Summary Judgment

In appellants' second issue, they assert the trial court erred in granting summary judgment because the motions for summary judgment were based on Godfrey's affidavit, evidence they challenged as incompetent.

AgStar's motion presented only traditional grounds for summary judgment. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Appellate courts review the granting of a motion for summary judgment *de novo. Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). In doing so, the court takes as true all evidence favorable to the non-movant, and every reasonable inference is indulged in the non-movant's favor. *Provident Life & Accid. Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). The movant in a traditional motion for summary judgment, filed pursuant to Rule 166a(c), has the burden of showing that no genuine issue of material fact exists, and that it is entitled to summary judgment as a matter of

6

law. TEX. R. CIV. P. 166a(c); *see Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

To prevail on its motion for summary judgment to enforce a promissory note, a plaintiff must prove: (1) the existence of the note; (2) that the defendant signed the note; (3) that the plaintiff was the legal owner or holder of the note; and (4) that a certain balance was due and owing on the note. *Truestar Petroleum Corp. v. Eagle Oil & Gas Co.,* 323 S.W.3d 316, 319 (Tex. App.—Dallas 2010, no pet.); *Hudspeth v. Investor Collection Serv. Ltd. P'ship,* 985 S.W.2d 477, 479 (Tex. App.—San Antonio 1998, no pet.). Appellants challenge only the last element.

Through our discussion of appellants' first issue, we have described our conclusion Godfrey's affidavit was not conclusory or otherwise incompetent summary judgment evidence. It established that the principal, interest and late charges as to which the court granted summary judgment were due and owing. Accordingly, we conclude the trial court did not err by granting AgStar summary judgment for those amounts. We overrule appellants' second issue.

Severance of Cause of Action

As noted, the trial court denied AgStar's motion for summary judgment insofar as it sought judgment for AgStar's attorney's fees and costs. The court severed the claims for which it denied summary judgment. By appellants' third issue, they challenge the trial court's severance order.

Rule 41 of the Texas Rules of Civil Procedure states that "any claim against a party may be severed and proceeded with separately." TEX. R. CIV. P. 41. The effect of a severance is to divide a lawsuit into two or more independent suits that will be adjudicated by distinct and separate judgments. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex. 1985). Under Rule 41, severance of claims is proper if the (1) controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *In re State,* 355 S.W.3d 611, 613 (Tex. 2011) *(citing Guaranty Fed'l v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex. 1990)).

A trial court has broad discretion in determining whether to sever a cause of action, and its decision will be disturbed on appeal only when there is a prejudicial abuse of discretion. *In re Koehn*, 86 S.W.3d 363, 366 (Tex. App.—Texarkana 2002, orig. proceeding). The trial court is authorized to order severance on its own initiative without motion by either party. *In re T.J.L.*, 97 S.W.3d 257, 265 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Rice v. Travelers Express Co.*, 407 S.W.2d 534, 536 (Tex. Civ. App.—Houston 1966, no writ). "However, courts have long recognized that it is an abuse of discretion to grant a severance that splits a single cause of action." *Duncan v. Calhoun Cty. Nav. Dist.*, 28 S.W.3d 707, 710 (Tex. App.—Corpus Christi 2000, pet. denied).

In the trial court and again on appeal, appellants argue this case is closely analogous to that presented by *Dalisa, Inc. v. Bradford*, 81 S.W.3d 876 (Tex. App.—Austin 2002, no pet.). We find the rationale underlying the court's decision in *Dalisa*

8

entirely absent from this case. The court there found a trial court erred by severing the plaintiff's claim for attorney's fees under Civil Practice & Remedies Code section 37.009 from its claims for declaratory relief. *Id.* at 879-80. Quoting the language of section 37.009, the court held the statute's provision for the award of costs and attorney's fees in a proceeding under chapter 37 refers to a "single 'proceeding'" and agreed with the defendant that the claim for attorney's fees was merely a phase of the single cause of action for declaratory relief. *Id.* at 880 (citing *Huff v. Fidelity Life Ins. Co.*, 158 Tex. 433, 312 S.W.2d 493, 501 (Tex. 1958).[1]

Even the dissenting opinion in *Dalisa* acknowledged that "neither section 37.009 nor section 38.001 of the civil practice and remedies code recognizes a stand-alone action for attorney's fees." *Dalisa*, 81 S.W.3d at 886 (Yeakel, J., dissenting). But we do not deal here with a statutory entitlement to attorney's fees. AgStar's entitlement to its costs of collection is governed by contract. *See Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009) ("[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38's").

The note's costs of collection paragraph reads as follows:

> Notwithstanding anything to the contrary contained herein, if this Note is not paid when due, whether at maturity or by acceleration, and/or any other Event of Default shall occur, then the undersigned promise to pay all costs of collection, including, but not limited to, reasonable attorneys' fees

---

[1] *Huff* likewise addressed a statutory attorney's fees provision. 312 S.W.2d at 500-01. Rejecting the insurance company's argument that limitations barred Huff's claim for attorney's fees, the court found that limitations would not bar the recovery of fees when it did not bar the underlying claim. *Id.* at 501. In so doing, the court noted, "That a suit for the statutory attorney's fees as a separate action could not be maintained is evident from the wording of the statute." *Id. See also Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (entitlement to fees under Civil Practice & Remedies Code section 38.001(8) requires that party prevail on a cause of action for which attorney's fees are recoverable and recover damages).

and all reasonable expenses incurred in connection with collection of this Note, or any part thereof; the protection or realization of the collateral; and the enforcement of any guarantee incurred by the Lender on account of such collection; whether or not suit is filed hereon.

AgStar argues that the costs of collection paragraph establishes a stand-alone entitlement to recovery of its costs, including attorney's fees, and we agree. Under the note's terms, AgStar's entitlement to recovery of its collection costs does not depend on a particular lawsuit's outcome, or depend even on the filing of suit. And AgStar's entitlement to its costs arises on the occurrence of any event of default.[2] This distinction fully separates this case from both *Dalisa* and *Huff*.

AgStar's original petition, its live pleading, asserted a claim for relief for breach of the note. It alleged Friendship Dairies had filed a voluntary Chapter 11 bankruptcy petition, and explained that because of the automatic stay under the bankruptcy laws, Friendship was not a defendant. It alleged also that appellants had failed to make the five monthly payments due prior to the filing of the suit, and that the note had been accelerated. The petition further quoted the note's collection costs paragraph and asserted AgStar was entitled to recover its reasonable fees and costs.

AgStar's motion for summary judgment sought a judgment that included its attorney's fees and costs incurred through January 22, 2013, in the amount of $116,935.09. Appellants' response to the summary judgment motion asserted it was unlikely that AgStar had reasonably incurred attorney's fees in that amount by January

---

[2] The note lists fourteen categories of events of default. In addition to default by the borrower's failure to pay indebtedness under the note when due, default is defined to include such events as loss or substantial damage to any material part of the collateral, failure of performance of any covenant or obligation under the note or any related document, filing of bankruptcy or a similar proceeding, and material adverse change in the borrower's business operations or condition, financial or otherwise.

22 in a suit that was not filed until January 30, and asserted fees incurred in the Friendship Dairies bankruptcy must be segregated.

A "cause of action" has been defined as consisting of a plaintiff's primary right to relief and the defendant's act or omission that violates that right. *Jones v. Ray*, 886 S.W.2d 817, 821 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (applying definition in severance case). The trial court severed AgStar's claim for its attorney's fees and costs after the court granted summary judgment on its claims for the unpaid principal, interest and late fees. One court of appeals has noted the practice of ordering severance after the grant of a partial summary judgment and cautioned that severance under such circumstances "is not proper when it amounts to the splitting of a single cause of action." *Duncan,* 28 S.W.3d at 710. It further pointed out that severance of a single cause of action "will ultimately result in two judgments that cannot stand independently of each other." *Id.* (*citing Kansas Univ. Endowment Assn. v. King*, 350 S.W.2d 11, 19 (Tex. 1961) ("Each of the causes into which the action is severed must be such that the same might properly be tried and determined if it were the only claim in controversy")). We find no abuse of discretion in the trial court's action.

The note also contains a prepayment fee. AgStar did not seek summary judgment for that fee. The trial court included with the severed action for collection costs the issue of AgStar's entitlement to, and the amount of, the prepayment penalty. Appellants also argue the calculation of the prepayment penalty is so interwoven with the claims on which summary judgment was granted that they involve the same facts and issues. We disagree.

Finding no abuse of discretion in the trial court's action, we overrule appellants' third issue.

## Conclusion

The court's judgment and severance order are affirmed.

James T. Campbell
Justice

Quinn, C.J., joins majority in issues one and two and concurs in result regarding issue three.